[Cite as *Pflum v. Waggoner*, 2012-Ohio-3391.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

ANTHONY R. PFLUM          :

     Plaintiff-Appellee     :    C.A. CASE NO. 24907

vs.                      :    T.C. CASE NO. 11CV3226

SHERRI WAGGONER          :    (Civil Appeal from
                                  Common Pleas Court)

     Defendant-Appellant    :

. . . . . . . . .

O P I N I O N

Rendered on the 27th day of July, 2012.

. . . . . . . . .

David E. Beitzel, Atty. Reg. No. 0018224, 22 North Short Street, Troy, OH 45373
    Attorney for Plaintiff-Appellee

Sherri Waggoner, 4860 Ericson Avenue, Dayton, OH 45417
    Defendant-Appellant, Pro se

. . . . . . . . .

CANNON, J., by assignment:

{¶ 1} Appellant, Sherri Waggoner, appeals the judgment of the Montgomery County Court of Common Pleas granting the motion for summary judgment filed by appellee, Anthony R. Pflum. For the following reasons, we affirm.

{¶ 2} The parties entered into a residential lease agreement, whereby appellant was to pay appellee $720 per month or, if the rent was received on or before the first day of the

month, $695 per month. Appellant failed to pay the monthly rent and, at the time the complaint was filed, was in arrears in the amount of $19,764.40. Appellant, acting pro se, filed an answer indicating she was no longer employed and would be willing to pay $25 per month. Thereafter, appellee filed a motion for summary judgment. Appellee attached to his summary judgment motion, inter alia, a letter from appellant—admitting that she owed appellee the sum of $19,425 and that she would pay $150 per month toward the outstanding balance—and the request for admissions to which appellant failed to respond.

{¶ 3} Appellant did not file a response to appellee's motion for summary judgment. The trial court granted appellee's motion for summary judgment and entered judgment in favor of appellee in the amount of $19,764.40, plus pre-judgment interest in the amount of $1,248.57, post-judgment interest in the amount of 12% per annum per the contractual rate, and court costs.

{¶ 4} Appellant, acting pro se, now timely appeals. Appellant filed her two-page handwritten brief with this court on January 4, 2012. Preliminarily, we note an appellant carries the burden of affirmatively demonstrating error on appeal. App.R. 9 and 16(A)(7); *State ex rel. Fulton v. Halliday*, 142 Ohio St. 548, 549, 53 N.E.2d 521 (1944). Appellant, a pro se civil litigant, "is bound by the same rules and procedures as litigants who retain counsel." *Miner v. Eberlin*, 7th Dist. Belmont No. 08-BE-21, 2009-Ohio-934, ¶ 11. "'[Pro se civil litigants] are not to be accorded greater rights and must accept the results of their own mistakes and errors.'" *Karnofel v. Cafaro Mgt. Co.*, 11th Dist. No. 97-T-0072, 1998 WL 553491, *2 (June 26, 1998), quoting *Meyers v. First Natl. Bank*, 3 Ohio App.3d 209, 210, 444 N.E.2d 412 (1st Dist. 1981).

**{¶ 5}** A review of her appellate brief reveals that appellant has failed to comply with App.R. 16. Namely, appellant has failed to set forth any assignment of error for our review. App.R. 16(A)(3) mandates that an appellant's brief must contain assignments of error presented for review with reference to the place in the record where each error is reflected.

**{¶ 6}** In her brief, appellant raises three issues. First, she maintains appellee failed to address an outbreak of bed bugs in his building, and thus, she incurred monetary damages. Second, appellant states appellee was aware of her financial hardships. And third, appellant notes that it is her desire for the parties to engage in mediation to resolve this dispute.

**{¶ 7}** Even construing these statements as assignments of error, they are without merit.

**{¶ 8}** Appellate courts review a trial court's entry of summary judgment de novo. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). "*De novo* review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997), citing *Dupler v. Mansfield Journal*, 64 Ohio St.2d 116, 119-120, 413 N.E.2d 1187 (1980).

**{¶ 9}** The trial court did not err in granting appellee's motion for summary judgment. Appellant, as the nonmoving party, failed to meet her reciprocal burden, pursuant to Civ.R. 56(E). Civ.R. 56(E) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations

or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

{¶ 10} In his motion for summary judgment, appellee demonstrated the following:

(1) [N]o genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 667 N.E.2d 1197 (1996).

{¶ 11} By failing to respond to appellee's motion for summary judgment, appellant did not provide evidence illustrating a genuine issue of material fact.

{¶ 12} Appellant also did not raise the issue of the bed bug outbreak at the trial court level. Because this was not argued before the trial court and the trial court never had an opportunity to consider it, this argument will not be entertained for the first time on appeal. "It is well established that a party cannot raise any new issues or legal theories for the first time on appeal." *Dolan v. Dolan*, 11th Dist. Trumbull Nos. 2000-T-0154 and 2001-T-0003, 2002-Ohio-2440, ¶ 7. Additionally, by not

responding to the request for admissions, appellant admitted that she was "not entitled to any credits, offsets or deductions except as shown in the complaint[.]"

{¶ 13} Appellant's claim that she is unable to pay the terms of the lease, in and of itself, is not a defense to a contract claim. By entering into such a lease agreement, appellant had a duty to pay the monthly obligation.

{¶ 14} We further note that, at the trial court level, appellant had the opportunity to mediate this case pursuant to Loc.R. 2.39 of the Montgomery County Court of Common Pleas, which states, in part, "[a]ny civil case may be referred to mediation pursuant to a party's motion, or by agreement of the parties, or on the Court's own motion."

{¶ 15} Based on the opinion of this court, the judgment of the Montgomery County Court of Common Pleas is hereby affirmed.

FAIN, J., And FROELICH, J., concur.

(Hon. Timothy P. Cannon, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

**Copies mailed to:**
**David E. Beitzel, Esq.**
**Sherri Waggoner**
**Hon. Steven K. Dankof**