[Cite as *State v. Becraft*, 2017-Ohio-1464.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

STATE OF OHIO                         :
                                      :
    *Plaintiff-Appellee*        :   Appellate Case No. 2016-CA-9
                                      :
v.                                    :   Trial Court Case No. 2012-CR-511A
                                      :
RICHARD E. BECRAFT, JR.               :   (Criminal Appeal from
                                      :   Common Pleas Court)
    *Defendant-Appellant*       :
                                      :

. . . . . . . . . .

O P I N I O N

Rendered on the 21st day of April, 2017.

. . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

S. TODD BRECOUNT, Atty. Reg. No. 0065276, 115 North Main Street, Urbana, Ohio 43078
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Richard E. Becraft, Jr., appeals from the sentence he received during his resentencing for aggravated robbery in the Clark County Court of Common Pleas, which we ordered on remand in *State v. Becraft*, 2d Dist. Clark No. 2013-CA-54, 2015-Ohio-3911. Becraft also appeals from the trial court's decision denying his motion to withdraw guilty plea that he filed on remand prior to resentencing. For the reasons outlined below, the portion of Becraft's sentence ordering him to pay the victim restitution in the amount of $1,200 will be modified to $583.33. In all other respects, the trial court's judgment will be affirmed.

## Facts and Course of Proceedings

{¶ 2} On May 2, 2013, Becraft pled guilty to one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree. The offense stemmed from allegations that Becraft and two of his companions, Jeremy Dover and Laune Dozier, followed a woman from inside a Kroger's bank branch and robbed her in the parking lot. During this time, Dover was alleged to have pulled a gun on the victim while Becraft grabbed her purse and fled the scene with both Dover and Dozier.

{¶ 3} In exchange for Becraft's guilty plea, the State agreed to stay silent at his sentencing hearing and to stipulate that Becraft did not have a firearm during the offense. Following his plea, Becraft was sentenced to nine years in prison and ordered to pay $2,000 in restitution to the victim for the amount of her economic loss.

{¶ 4} Approximately 30 days after sentencing, Becraft filed a pro se motion to withdraw his guilty plea on grounds that his trial counsel falsely promised that he would

only receive a five-year prison sentence. The trial court overruled the motion, which Becraft did not appeal. However, on June 26, 2013, Becraft did appeal from his conviction and sentence. In his appeal, Becraft raised ineffective assistance claims, challenged aspects of his sentence, and disputed the knowing, intelligent, and voluntary nature of his guilty plea.

{¶ 5} While his appeal was pending, in February 2014, Becraft filed a pro se petition to set aside his conviction and sentence in which he again requested to withdraw his guilty plea. In support of withdrawing his plea, Becraft once again argued that his counsel falsely promised that he would receive a maximum prison sentence of five years. Becraft also argued that his trial counsel withheld the discovery packet from him.

{¶ 6} Over the next three months, Becraft filed several more pro se motions, including an additional motion to withdraw his guilty plea filed in May 2014. In that motion, Becraft raised a similar argument claiming his trial counsel rendered ineffective assistance by falsely promising that he would get no more than three to five years in prison and would be granted judicial release in six months. On May 6, 2015, the trial court dismissed the motion, finding it lacked jurisdiction due to the pending appeal with this court.

{¶ 7} In ruling on Becraft's direct appeal, we reversed the trial court's decision ordering Becraft to pay $2,000 in restitution on grounds that there was nothing in the record supporting that amount as the victim's economic loss.[1]  *Becraft*, 2d Dist. Clark No.

---

[1] During Becraft's direct appeal, the victim did not testify regarding her economic loss and no victim impact statement was provided to this court as part of the record. *Becraft* at ¶ 7, fn. 2. Accordingly, we found no evidence supporting the trial court's decision to order $2,000 in restitution. However, in the instant appeal, the victim impact statement was included as part of the presentence investigation report, and it indicates the victim's

2013-CA-54, 2015-Ohio-3911 at ¶ 31-32. We also reversed the remainder of Becraft's sentence on grounds that his trial counsel rendered ineffective assistance in failing to object to certain unsupported findings made by the trial court during sentencing. Specifically, we found that the trial court incorrectly determined that Becraft threatened the victim with a deadly weapon. *Id.* at ¶ 27-32. However, we found no ineffective assistance during the plea proceedings and ultimately concluded that Becraft knowingly, intelligently, and voluntarily entered his guilty plea. *Id.* at ¶ 15, 19, 26. Accordingly, we affirmed all aspects of Becraft's conviction, but remanded the matter for the limited purpose of resentencing. *Id.* at ¶ 32.

{¶ 8} On January 4, 2016, the trial court held its first hearing on remand for resentencing. During that hearing, Becraft indicated he wanted to move to withdraw his guilty plea based on information in the victim impact statement, which he claimed he had just recently received. The trial court then decided to continue the hearing to allow the parties to obtain and provide the court with documentation pertinent to sentencing and to allow Becraft to file a motion to withdraw his guilty plea.

{¶ 9} Two days later, defense counsel filed a motion to withdraw guilty plea on Becraft's behalf. A hearing on the motion was held shortly thereafter on January 15, 2016. At the hearing, Becraft argued he should be permitted to withdraw his guilty plea because this court had determined in his direct appeal that his prior trial counsel had rendered ineffective assistance. He additionally argued that his trial counsel was ineffective in failing to provide him with the victim impact statement. Becraft further

---

economic loss was $2,000 and that the victim suffered psychological harm as a result of the offense.

argued that the results of his polygraph test, which he claims were favorable, had not been made available to him. Becraft claimed that had he been able to view that information earlier, he would not have pled guilty.

{¶ 10} After hearing both parties' arguments on the plea withdrawal issue, as well as admitting several exhibits in support of Becraft's motion, the trial court denied the motion and scheduled the matter for resentencing on January 29, 2016. At the January 29th hearing, Becraft expressed confusion as to whether the trial court had already rendered its decision on the motion to withdraw his plea, so the trial court allowed Becraft to further argue the motion to withdraw and to admit additional exhibits. The trial court, nevertheless, denied the motion a second time, and proceeded to resentencing.

{¶ 11} During the resentencing portion of the proceedings, the parties advised the trial court that they had stipulated to the victim's economic loss being $1,200, despite the State previously arguing that her loss was $2,000. The State explained that the victim advised $1,750 was stolen from her at the time of the robbery and that $550 of that amount did not belong to her, but to a defunct social club. Accordingly, the State conceded that awarding the full $1,750 would provide the victim with a windfall. The State also advised the trial court that no other restitution had been paid to the victim, but noted that one of Becraft's co-defendants, Dozier, had been ordered to pay $583.33 in restitution.

{¶ 12} Following the discussion on restitution, the trial court heard arguments from Becraft and his counsel with regards to sentencing. As it had done previously, the State provided no argument per the plea agreement. The trial court then considered various factors, including that one of Becraft's co-defendants used a firearm to threaten the victim,

but specifically noted that Becraft himself did not have a firearm. The trial court further considered that the victim was not physically harmed and that the court believed Becraft did not expect to cause any physical harm to her. However, the court indicated that it placed great weight on the psychological impact the offense had on the victim, as the victim impact statement in the presentence investigation report noted that the victim was severely frightened, continues to be affected by the incident, and is seeing a therapist.

{¶ 13} In addition to these factors, the trial court also considered the fact that Becraft has a history of criminal convictions, including a prior offense of violence. The court further found that Becraft has not responded favorably to previous sanctions and that he showed a lack of remorse for the instant offense. The trial court also considered Becraft's behavior during his incarceration for the offense, indicating that he had no history of disciplinary problems. According to the court, this demonstrated that Becraft was attempting to change his life for the better.

{¶ 14} After making the foregoing considerations, the trial court imposed an eight-year prison term and ordered Becraft to pay $1,200 in restitution to the victim. Becraft now appeals from that decision, as well as the trial court's decision denying his motion to withdraw guilty plea, raising three assignments of error for our review.

**First Assignment of Error**

{¶ 15} Becraft's First Assignment of Error is as follows:

BECRAFT'S SENTENCE WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW.

{¶ 16} Under his First Assignment of Error, Becraft contends his sentence is

contrary to law because the trial court's order of restitution in the amount of $1,200 provides the victim with a windfall over the amount of her economic loss in violation of R.C. 2929.18. Becraft also challenges his sentence on grounds that the trial court allegedly failed to reconsider his sentence in light of the stipulation that he did not have a firearm. Becraft further claims that the trial court's finding that he lacked remorse is unsupported by the record.

{¶ 17} As a preliminary matter, we note that the Supreme Court of Ohio recently held that when reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7, 10. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. *Id.* at ¶ 9.

*Restitution*

{¶ 18} Becraft first contends that the trial court's order of restitution in the amount of $1,200 is contrary to law because it provides the victim with a windfall over the amount of her actual economic loss. "We review errors regarding orders of restitution using the same standard of review as any other sentencing issue." *Becraft*, 2d Dist. Clark No. 2013-CA-54, 2015-Ohio-3911 at ¶ 11. Therefore, instead of applying an abuse of discretion standard, as we have previously done in restitution cases prior to *Marcum*, the proper standard of review for analyzing the imposition of restitution as a part of a felony

sentence is whether it complies with R.C. 2953.08(G)(2)(b), i.e., whether it is clearly and convincingly contrary to law. *State v. Geldrich*, 12th Dist. Warren No. CA2015-11-103, 2016-Ohio-3400, ¶ 6.

**{¶ 19}** R.C. 2929.18 governs the imposition of financial sanctions and allows for restitution to be paid by an offender to a victim "in an amount based on the victim's economic loss." R.C. 2929.18(A)(1). "[T]he court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, *provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.*" (Emphasis added.) *Id.*

**{¶ 20}** Although R.C. 2929.18 does not require apportionment of restitution among co-defendants, the statute does not prohibit apportionment. *Becraft* at ¶ 30, citing *State v. Kline*, 3d Dist. Henry No. 7-12-03, 2012-Ohio-4345, ¶ 12. However, "there is no requirement that co-defendants receive equal sentences. Each defendant is different and nothing prohibits a trial court from imposing two different sentences upon individuals convicted of similar crimes." (Citation omitted.) *State v. Kosak*, 2d Dist. Greene No. 2013 CA 67, 2014-Ohio-2310, ¶ 21. "We have held that where co-defendants act in concert in committing the same offense that causes economic harm to the victim, holding one of the defendant[s] responsible for the full amount of restitution is permissible and consistent with established principles of tort liability[.]" (Citations omitted.) *State v. Dawson*, 2d Dist. Montgomery No. 21768, 2007-Ohio-5172, ¶ 13.

**{¶ 21}** Nevertheless, "double recovery would amount to an impermissible

economic windfall for the victim[;] the evidence introduced to demonstrate the actual economic loss suffered by the victim must take account of any offsets to the victim's economic loss and any mitigation of damages in the form of compensation received for the loss[.]" *State v. Bowman*, 181 Ohio App.3d 407, 2009-Ohio-1281, 909 N.E.2d 170, ¶ 12 (2d Dist.), citing R.C. 2929.18(A)(1). Again, R.C. 2929.18 specifically limits an order of restitution to the victim's economic loss suffered as a result of the offense; therefore, "the victim is not entitled to double recovery from multiple offenders." *Becraft*, 2d Dist. Clark No. 2013-CA-54, 2015-Ohio-3911 at ¶ 30.

**{¶ 22}** In *State v. Quick*, 8th Dist. Cuyahoga No. 91120, 2009-Ohio-2124 and *State v. Cicerchi*, 182 Ohio App.3d 753, 2009-Ohio-2249, 915 N.E.2d 350 (8th Dist.), co-defendants Quick and Cicerchi were both ordered to pay restitution to the victim for the full amount of the victim's $56,212 economic loss without indicating that the court was imposing joint and several liability. Instead, the trial court indicated that the co-defendants were both responsible for the full loss, and the sentencing entry in each case ordered the co-defendants to pay $56,212 without regard to whether their combined payments would exceed the victim's economic loss. In both cases, the Eighth District Court of Appeals held that the trial court's order of restitution provided the victim with double compensation for her loss and resulted in an economic windfall. *Quick* at ¶ 60; *Cicerchi* at ¶ 36. Accordingly, the court remanded the case for the trial court to conduct a hearing to determine the proper amount of restitution. *Quick* at ¶ 62; *Cicerchi* at ¶ 38.

**{¶ 23}** The instant case is similar to *Quick* and *Cicerchi* with the exception that in those cases there was no stipulation as to the amount of the victim's economic loss. In this case, the record is clear that for purposes of resentencing, Becraft and the State

stipulated that the victim's total economic loss was $1,200. Before making its order of restitution, the trial court inquired and learned that no restitution had been paid by Becraft's co-defendant, Dozier, who was ordered to pay $583.33 in restitution. The court then ordered Becraft to pay the full $1,200 in restitution without imposing joint and several liability and without regard to the restitution already ordered to be paid by Dozier. Therefore, the court essentially ordered the payment of $1,783.33 to the victim when it was stipulated that the victim's actual economic loss was only $1,200.

{¶ 24} We note that while the State initially argued that $2,000 was stolen from the victim, the State later confirmed at the January 29, 2016 hearing that $1,750 was stolen and that $550 of that amount did not belong to the victim, but to a defunct social club, thus making the victim's actual economic loss $1,200. Therefore, restitution in the amount of $1,783.33 not only exceeds the victim's economic loss, but also the total amount the State alleged was on the victim's person at the time of the robbery. Like in *Quick* and *Cicerchi*, the order of restitution at issue provides the victim with a windfall over the amount of her agreed economic loss of $1,200, which is prohibited by R.C. 2929.18(A)(1). While the trial court could have ordered the $1,200 to be paid jointly and severally, it did not do so here, accordingly, the order of restitution is contrary to law.

{¶ 25} Becraft's argument regarding the restitution portion of his sentence is sustained.

*Firearm Stipulation*

{¶ 26} Becraft next contends that his resentencing is contrary to law because the trial court disregarded the stipulation in the plea agreement that he did not have a firearm

during the robbery. In support of this claim, Becraft alleges the trial court failed to resentence him in light of the firearm stipulation and incorrectly found that his use of a firearm warranted the eight-year prison term at issue. We disagree.

{¶ 27} "Courts consider a broad range of information when imposing sentence[s]." *State v. Winstead*, 2015-Ohio-5391, 55 N.E.3d 477, ¶ 20 (2d Dist.), citing *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 13 (2d Dist.). This includes information obtained from the record, sentencing hearing, presentence investigation report, and victim impact statement. R.C. 2929.19(B)(1). " 'The evidence the court may consider is not confined to the evidence that strictly relates to the conviction offense because the court is no longer concerned, like it was during trial, with the narrow issue of guilt.' " *Winstead* at ¶ 20, quoting *Bowser* at ¶ 14, citing *Williams v. New York*, 337 U.S. 241, 246-247, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949).

{¶ 28} Contrary to Becraft's claim otherwise, there is nothing in the record indicating that the trial court disregarded the firearm stipulation and considered that Becraft had a firearm during the robbery when it resentenced him. Although there appears to have been some confusion during the direct appeal of this matter as to whether the trial court made such a consideration when imposing the original sentence,[2] the trial court clarified at the resentencing hearing that when it imposed Becraft's original

---

[2] The original sentencing entry provided that "[i]n committing the offense, the defendant made an actual threat of physical harm to a person with a deadly weapon." Judgment Entry of Conviction (May 30, 2013), Clark County Court of Common Pleas Case No. 12-CR-0511A, Docket No. 29, p. 2. While we held in Becraft's direct appeal that the aforementioned finding was unsupported by the record, we also held that "nothing in the record indicates that the trial court's sentencing decision was influenced by whether or not Becraft had possession or control of a firearm during the course of the offense." *Becraft*, 2d Dist. Clark No. 2013-CA-54, 2015-Ohio-3911 at ¶ 21, 27.

sentence, it never actually considered the fact that Becraft had a firearm during the robbery and never meant for any of its statements to be interpreted that way. Rather, the trial court explained that it had considered the fact that Becraft participated in the robbery with a person who used a firearm to threaten the victim. During the resentencing proceeding, the trial court confirmed that this was the circumstance it was considering when sentencing him, not that Becraft possessed a firearm himself. We do not find that such a consideration was improper or contrary to law, as it does not disregard the parties' stipulation and it is supported by the information in the presentence investigation report.

{¶ 29} Becraft's argument regarding the firearm stipulation is overruled.

*Lack of Remorse*

{¶ 30} For his third argument, Becraft contends that the trial court's finding that he expressed no remorse for his offense is unsupported by the record given that he read an apology letter to the victim on the record at his original sentencing hearing. In reaching its decision that Becraft showed no remorse, the trial court explained the following at the resentencing hearing:

> At the original disposition, *I found no genuine remorse because in his statement he denied any involvement whatsoever in the robbery.* That may have changed now. I don't know. I didn't hear anything directly as to a change in that statement. He seems to be remorseful for his current situation, nothing regarding the robbery itself or the harm to the victim, even though he did have an opportunity earlier to review the victim's statement as to the harm this caused.

(Emphasis added.)   Hearing Trans. (Jan. 29, 2016), p. 20.

**{¶ 31}** At the resentencing hearing, Becraft generally stated that he regretted everything he had done and being around the co-defendants.   However, his statement indicates that his regret stems from the nine-year prison sentence he originally received.   As the trial court noted, Becraft never specifically regretted being involved in the robbery.   Although it does appear from the record that Becraft read an apology letter to the victim at the original sentencing hearing, the court indicated its lack of remorse finding was based on Becraft denying his involvement in the offense.   Since Becraft's statements at resentencing do not indicate that his position on his involvement in the robbery has changed, we do not find that the trial court's lack of remorse finding is unsupported by the record.   Therefore, Becraft's argument regarding the trial court's lack of remorse finding is overruled.

**{¶ 32}** Having found merit in Becraft's argument regarding the restitution imposed at resentencing, Becraft's First Assignment of Error is sustained only as to that argument.

### Second Assignment of Error

**{¶ 33}** Becraft's Second Assignment of Error is as follows:

THE STATE OF OHIO BREACHED THE PLEA AGREEMENT BY FAILING

TO REMAIN SILENT AT SENTENCING.

**{¶ 34}** Under his Second Assignment of Error, Becraft contends the State breached the plea agreement by speaking out at his resentencing hearing.   There is no dispute that, as part of the plea agreement, the State agreed to remain silent at sentencing and acknowledged that said agreement remained in full force and effect during the

resentencing proceedings.   Becraft claims the breach occurred following the remand for resentencing when the State argued its position on restitution at the hearing held on January 15, 2016.   Becraft specifically points to the following portion of the record:

COURT:   Counsel, anything further?

STATE:   The victim provided a victim-impact statement.   She testified at a trial of the codefendant.   She was out $2,000.   That's the bottom line.   If this Defendant wants to have a restitution hearing, then he needs to follow the proper procedure for that.   But at this time the victim has stated over and over she's out $2,000.

Hearing Trans. (Jan. 15, 2016), p. 13.

**{¶ 35}** "When a prosecutor induces a defendant to plead guilty based upon certain promises, the prosecutor has a duty to keep those promises."   *State v. Simpson*, 158 Ohio App.3d 441, 2004-Ohio-4690, 816 N.E.2d 609, ¶ 14 (2d Dist.), citing *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).   Upon a breach of the agreement, the defendant is entitled to either specific performance by the State or withdrawal of the plea.   *Id.   Accord State v. Dowler,* 4th Dist. Athens No. 15CA7, 2015-Ohio-5027, ¶ 22; *State v. Liles,* 3d Dist. Allen No. 1-14-61, 2015-Ohio-3093, ¶ 11*.*   "To determine whether a plea agreement has been breached, courts examine what the parties reasonably understood at the time the defendant entered his guilty plea; that is, we must identify the terms of the plea agreement before we can determine if the state breached the agreement."   *Dowler* at ¶ 23, citing *State v. Walsh*, 5th Dist. Licking No. 14-CA-110, 2015-Ohio-4135, ¶ 18.

**{¶ 36}** Contrary to Becraft's claim otherwise, a review of the record indicates that the State made the comment at issue while the parties were presenting arguments in relation to Becraft's motion to withdraw his guilty plea, not during resentencing. *See* Hearing Trans. (Jan. 15, 2016), p. 7-15. The comment at issue was made by the State on January 15, 2016, and Becraft was not resentenced until January 29, 2016. As a result, we find that the State did not breach its agreement to remain silent at resentencing when it made the comment at issue.

**{¶ 37}** Even if we found that the State had breached the plea agreement by making the comment at issue, such a breach would not warrant a reversal. Given that Becraft failed to object to the State's comment, we are limited to a plain-error review of the issue, and Becraft cannot establish plain error. *See State v. Kline*, 2d Dist. Champaign No. 2009-CA-02, 2010-Ohio-3913, ¶ 5; *Puckett v. United States*, 556 U.S. 129, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009) (holding that a plain-error review is appropriate in the context of failing to object to the government's breach of a plea agreement).

**{¶ 38}** "To establish plain error, [Becraft] must point to an obvious error that affected the outcome of the proceedings below." *Kline* at ¶ 5, citing *State v. Rohrbaugh*, 126 Ohio St.3d 421, 2010-Ohio-3286, 934 N.E.2d 920, ¶ 6. "Reversal is warranted only if the outcome 'clearly would have been different absent the error.' " *Id.*, citing *State v. Hill*, 92 Ohio St.3d 191, 203, 749 N.E.2d 274 (2001). In applying this standard, we are mindful that notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

**{¶ 39}** Because the State's comment at issue revolves around the amount of the

victim's economic loss, the question is whether the trial court's finding as to economic loss would have been different absent the alleged breach of the plea agreement. Becraft, however, cannot establish that the economic loss finding would have been different but for the alleged breach because after the State made its comment (stating that the victim's economic loss was $2,000), the parties later stipulated that the victim's economic loss was $1,200, and the trial court awarded restitution in that amount. Therefore, regardless of the State previously advising the court that the victim's economic loss was $2,000, the victim's economic loss would still have been set at $1,200 per the stipulation. Although the actual award of $1,200 in restitution to the victim was an inappropriate windfall due to Becraft's co-defendant also being ordered to pay $583.33 in restitution, the fact remains that, because of the stipulation, the amount of the victim's economic loss would have been determined to be $1,200 regardless of the alleged breach. This is not an exceptional circumstance presenting a manifest miscarriage of justice, as the alleged breach did not prejudice Becraft in any way given the stipulation.

{¶ 40} As part of his reply brief, Becraft also argues that the trial court breached the plea agreement by considering the use of a firearm when sentencing him. However, as discussed under Becraft's First Assignment of Error, the trial court made it clear at the January 29th hearing that it considered the fact that one of Becraft's co-defendants used a firearm to threaten the victim, not that Becraft had a firearm himself. Accordingly, we fail to see how the trial court's consideration breached the specific plea agreement at issue, as the agreement did not include a prohibition on considering the use of a firearm by Becraft's co-defendant, but only that Becraft did not possess a firearm during the offense.

{¶ 41} Becraft's Second Assignment of Error is overruled.

**Third Assignment of Error**

{¶ 42} Becraft's Third Assignment of Error is as follows:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S PRE-SENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA.

{¶ 43} Under his Third Assignment of Error, Becraft characterizes his motion to withdraw guilty plea filed on remand for resentencing as a presentence motion and argues that the trial court abused its discretion in denying the same. The State does not dispute the presentence nature of the motion, but instead claims the trial court lacked jurisdiction to consider the motion given that Becraft's conviction had already been affirmed by this court in his direct appeal. In the alternative, the State argues that even if the trial court had jurisdiction to consider Becraft's motion, it was appropriate for the trial court to overrule it. We agree with the State.

{¶ 44} Appellate courts review trial court decisions on motions to withdraw pleas for abuse of discretion. *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977), paragraph two of the syllabus. " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." (Citation omitted.) *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.* "A decision is unreasonable if there is no sound

reasoning process that would support that decision."   *Id.*

{¶ 45} Pursuant to Crim.R. 32.1: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."   A presentence motion to withdraw a guilty plea "should be freely and liberally granted."   *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).   The presentence standard is more lenient than the "manifest injustice" standard, which is applicable to postsentence motions.   *State v. Fugate*, 2d Dist. Montgomery No. 21574, 2007-Ohio-26, ¶ 10.   Nevertheless, even under the presentence standard, the right to withdraw a plea is not absolute, and a trial court retains discretion to overrule a presentence motion to withdraw a plea.   *Xie* at 527.

{¶ 46} As noted above, both parties agree that the presentence standard applies to the motion at issue.   However, regardless of the standard, the State argues that pursuant to *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978), the trial court lacked jurisdiction to consider Becraft's motion to withdraw his plea.

{¶ 47} In *Special Prosecutors*, the Supreme Court of Ohio explained that:

Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court.   While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for

this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.

*Id.* at 97-98.

{¶ 48} The defendant in *Special Prosecutors* pled guilty to murder, the court of appeals affirmed his conviction, and the defendant thereafter moved to withdraw his plea, which the trial court granted. *Id.* at 94. The State did not appeal, but, before the defendant's case could proceed to trial, it filed a complaint for a writ of prohibition, seeking to prevent the trial from taking place. *Id.* The State argued that the trial court did not have jurisdiction to let the defendant withdraw his plea. The Supreme Court granted the writ because it concluded that a trial court does not have jurisdiction to consider a motion to withdraw a plea after an appellate court has affirmed the defendant's conviction. *Id.* at 98. Specifically, the Supreme Court noted that "the trial court lost its jurisdiction when the appeal was taken, and, *absent a remand*, it did not regain jurisdiction subsequent to the Court of Appeals' decision." (Emphasis added.) *Id.* at 97. *Accord State v. McFarland*, 2d Dist. Montgomery No. 24418, 2013-Ohio-2019, ¶ 8-11; *State v. Byrd*, 2d Dist. Montgomery No. 25591, 2013-Ohio-3751, ¶ 10-12; *State v. Laster*, 2d Dist. Montgomery No. 19387, 2003-Ohio-1564, ¶ 9.

{¶ 49} Becraft contends the State's reliance on *Special Prosecutors* is misplaced because the instant matter was remanded back to the trial court for de novo sentencing. Although *Special Prosecutors* did not specifically discuss whether a trial court could consider a motion to withdraw guilty plea on remand, in *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, the Supreme Court applied the holding in *Special Prosecutors* to a case where the defendant filed his motion to withdraw plea on remand

for resentencing.

{¶ 50} In *Ketterer*, the defendant's conviction was affirmed on direct appeal and the sentence was later remanded for the limited purpose of resentencing. *Id.* at ¶ 61-62. Thereafter, on remand, the defendant filed a motion to withdraw his guilty plea and the Supreme Court held that pursuant to *Special Prosecutors* the trial court had no authority to consider the motion because the underlying conviction had been affirmed during the direct appeal and the remand was for the limited purpose of resentencing. *Id.* at ¶ 62. Subsequently, in *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, the Supreme Court held that "[i]n a remand based only on an allied-offenses sentencing error, *the guilty verdicts underlying a defendant's sentences remain the law of the case and are not subject to review*." (Emphasis added.) *Id.* at ¶ 15, citing *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 26-27.

{¶ 51} The foregoing case law indicates that a trial court lacks jurisdiction to consider a motion to withdraw guilty plea filed on remand for the limited purpose of resentencing when the underlying conviction was affirmed on direct appeal. This is appropriate because even "if the case is reviewed and partially remanded for some aspect of resentencing, the appellate court nevertheless affirmed the underlying conviction and the lower court no longer has jurisdiction to reconsider matters dealing with that conviction, such as whether the plea should be vacated." *State v. Smith*, 7th Dist. Mahoning No. 14 MA 65, 2015-Ohio-4809, ¶ 5, citing *State v. Triplett*, 4th Dist. Lawrence No. 11CA24, 2012-Ohio-4529 and *Special Prosecutors,* 55 Ohio St.2d at 97-98, 378 N.E.2d 162. "Indeed, if a trial court were to grant a defendant's post-remand motion to withdraw his plea, the trial court's order would essentially undo the entire appeal." *State*

*v. O'Neal*, 9th Dist. Medina No. 10CA0140-M, 2012-Ohio-396, ¶ 8, quoting *State v. O'Neal*, 9th Dist. Medina No. 07CA0050-M, 2008-Ohio-1325, ¶ 11.  *See also State v. Simon*, 12th Dist. Butler No. CA2015-05-081, 2015-Ohio-4448, ¶ 20; *State v. Caston*, 6th Dist. Erie No. E-11-077, 2012-Ohio-5260, ¶ 8-11; *State v. Craddock*, 8th Dist. Cuyahoga No. 87582, 2006-Ohio-5915, ¶ 8-10.

**{¶ 52}** Becraft also claims that *Special Prosecutors* does not apply to this case because his motion to withdraw guilty plea was partially based on newly discovered evidence that was disclosed to him for the first time on remand, i.e., the victim impact statement and polygraph test results.  Becraft cites no authority for this position; however, after *Ketterer*, the Supreme Court held that "a trial court retains jurisdiction to decide *a motion for a new trial* based on newly discovered evidence when the specific issue has not been decided upon direct appeal."  (Emphasis added.)  *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, ¶ 37.   In so holding, the Supreme Court clarified that "the holding in *Special Prosecutors* does not bar the trial court's jurisdiction over post-trial motions permitted by the Ohio Rules of Criminal Procedure." *Id.*

**{¶ 53}** Although the instant case does not involve a motion for new trial, even if we were to assume that, in light of Becraft's newly discovered evidence, *Special Prosecutors* does not bar the trial court from exercising jurisdiction over his presentence/post-remand motion to withdraw guilty plea, we still do not find that the trial court abused its discretion in overruling the motion.   In evaluating whether a trial court has abused its discretion in overruling a presentence motion to withdraw a plea, this court has adopted the following nine factors set forth in *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st

Dist.1995):

> (1) whether the accused is represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the motion, (4) whether the trial court gave full and fair consideration to the motion, (5) whether the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for the withdrawal, (7) whether the accused understood the nature of the charges and possible penalties, (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges, and (9) whether the state is prejudiced by withdrawal of the plea.

*State v. Warrix*, 2d Dist. Montgomery No. 26556, 2015-Ohio-5390, ¶ 29, quoting *State v. Massey*, 2d Dist. Champaign No. 2015-CA-1, 2015-Ohio-4711, ¶ 11.   (Other citation omitted.)

{¶ 54} "In considering these factors, the trial court employs a balancing test; no single factor is dispositive."   *Id.* at ¶ 30, citing *State v. Preston*, 2d Dist. Montgomery No. 25393, 2013-Ohio-4404, ¶ 20.   However, "[t]he ultimate question for the trial court is whether there is a 'reasonable and legitimate basis for the withdrawal of the plea.' "   *Id.*, quoting *Xie*, 62 Ohio St.3d at 527, 584 N.E.2d 715.

{¶ 55} In this case, Becraft provided the trial court with specific reasons for wanting to withdraw his guilty plea, but his reasons do not provide a reasonable, legitimate basis for the withdrawal.   Becraft first claimed that he should be able to withdraw his plea because this court had determined in his direct appeal that his prior trial counsel had rendered ineffective assistance.   Yet, in making this argument, Becraft overlooks the fact

that our ineffective assistance holding was confined to his trial counsel's failure to make certain objections during the sentencing proceedings. *Becraft*, 2d Dist. Clark No. 2013-CA-54, 2015-Ohio-3911 at ¶ 27. In fact, we specifically held that his trial counsel did not render ineffective assistance during the plea proceedings, and thus affirmed his plea and conviction. *Id.* at ¶ 25-26, 32.

**{¶ 56}** Becraft next argued that he should be able to withdraw his plea because his trial counsel was ineffective in failing to provide him with the victim impact statement, which he claims he did not get to review until after his sentence was remanded. However, during the January 29, 2016 hearing on his motion, Becraft admitted that his trial counsel's failure to show him the victim statement did not affect his plea since the victim impact statement was not prepared and presented until after the plea proceedings. In other words, the failure to show him the victim impact statement could not have affected the knowing, intelligent, and voluntary nature of his plea. Rather, Becraft advised the trial court that the failure to show him the victim impact statement delayed his decision to file the motion to withdraw his plea, which he claimed he would have filed earlier had he known the contents of the statement. Therefore, the victim impact statement provides no real basis for withdrawing Becraft's plea, but only serves as an excuse for the motion being filed over two and a half years after his plea and original sentence.

**{¶ 57}** Becraft's final argument in support of his motion is that his trial counsel was ineffective in failing to provide him with his "favorable" polygraph test results, which Becraft claims was not made available to him until after his sentence was remanded. Becraft claims that had he known about these "favorable" test results he would not have pled guilty. Becraft, however, did not submit a copy of the polygraph test results in

support of his motion. Rather, Becraft simply told the court that he only failed one question—whether he received any amount from the robbery. We do not see how such a result exonerates him, as the State specifically advised the trial court at the January 29th hearing that Becraft did not pass the polygraph test. Furthermore, the record indicates that the parties entered into a "Stipulated Polygraph Agreement" wherein the State agreed to dismiss the case against Becraft if the polygraph examiner determined that he was truthful in denying involvement in the offense. It is hard to believe that the results were favorable to Becraft since his trial counsel, who the record indicates received the results, never demanded a dismissal based on the parties' stipulation. Accordingly, we do not find that the polygraph results are a legitimate basis for the withdrawal of his plea, as the record indicates the test results were not favorable as Becraft claims.

{¶ 58} In support of his motion to withdraw guilty plea, Becraft also raises additional arguments in his appellate brief regarding his trial counsel's ineffectiveness that were not raised in his post-remand motion or argued at the hearings on remand. Because the trial court was not given the opportunity to consider these claims, they will not be addressed for the first time on appeal. *Pflum v. Waggoner*, 2d Dist. Montgomery No. 24907, 2012-Ohio-3391, ¶ 12.

{¶ 59} In addition to providing no reasonable, legitimate basis for withdrawing his plea, the record establishes that Becraft was given a full Crim.R. 11 hearing prior to entering his plea. Becraft claims otherwise on grounds that the parties' firearm stipulation prevented the facts he admitted to at the hearing from establishing all elements of aggravated robbery, specifically the element requiring the possession or control of a deadly weapon. However, it is undisputed that Becraft's co-defendant, Dover, used a

firearm during the robbery at issue. In Becraft's direct appeal, we held that even though the facts establish that Becraft did not possess or utilize a firearm in the course of the offense, as an accomplice, Becraft is criminally culpable to the same degree as the principal offender, and may be prosecuted for the principal offense even though Becraft himself did not have a deadly weapon. *Becraft*, 2d Dist. Clark No. 2013-CA-54, 2015-Ohio-3911 at ¶ 18-19. In turn, we ultimately concluded his Crim.R. 11 hearing was adequate and that his plea was knowingly, intelligently, and voluntarily entered. *Id.* at ¶ 4, 9, 12-15, 16-19, 32.

{¶ 60} The record also establishes that Becraft was given a full hearing on his motion to withdraw guilty plea. Becraft claims otherwise because the trial court rebuffed his efforts to explain the reasons he wanted to withdraw his plea during the January 4, 2016 hearing. However, at the time of that hearing, Becraft had not yet filed the motion to withdraw guilty plea at issue. When Becraft attempted to make his argument at the hearing, the trial court stopped him and specifically advised that: "We haven't gotten to that point yet. * * * If you want to try a motion now to withdraw the plea, that is fine. That can be filed." Hearing Trans. (Jan. 4, 2016), p. 10. Two days later, defense counsel filed a motion to withdraw guilty plea on Becraft's behalf and both parties were given the opportunity to gather evidence and prepare an argument on the plea withdrawal issue. The issue was thereafter discussed at two separate hearings on January 15 and 29, 2016. At those hearings, Becraft's counsel was given a full opportunity to explain Becraft's reasons for wanting to withdraw his plea and to admit various exhibits in support of the motion. Becraft never attempted to speak on the matter and was never prevented by the trial court from doing so. Accordingly, his claim that he was foreclosed from a full hearing

on the motion is belied by the record.

{¶ 61} The record further indicates that Becraft understood the nature of the charges and possible penalties at the time of his plea, as we already decided in his direct appeal that his plea was knowingly, intelligently, and voluntarily entered. *Becraft* at ¶ 12-19. Moreover, the record does not indicate that Becraft had a complete defense to the aggravated robbery charge. While Becraft has consistently denied being involved in the robbery and provided various exhibits with his motion to withdraw purportedly indicating that he was unaware of his co-defendants' plan to rob the victim, there are nevertheless multiple witness statements placing Becraft with his co-defendants at the scene of the crime with the victim herself identifying Becraft as the man who grabbed her purse. There is also the polygraph test, which, the record indicates Becraft failed.

{¶ 62} Finally, there is sufficient information in the record to support a finding that the State would be prejudiced by the withdrawal of Becraft's guilty plea. Specifically, Becraft's offense occurred more than four years ago, which would likely make it difficult for the State to relocate and compel witness testimony for a new trial. Accordingly, the record does not clearly and convincingly demonstrate that the State would not suffer any prejudice from the plea withdrawal. We further note that the trial court may have considered the interests of the victim, who suffered psychological harm, to have to relive the offense through her testimony at trial.

{¶ 63} Although Becraft's motion was filed within a reasonable time given that he only recently discovered the information on which his motion is based, timeliness alone is insufficient as a matter of law to support the withdrawal of a plea. *State v. Chatman*, 2d Dist. Montgomery No. 25766, 2014-Ohio-134, ¶ 10. Here, the majority of the factors

in *Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788, do not support Becraft withdrawing his plea. Accordingly, we do not find that the trial court abused its discretion in overruling Becraft's presentence/post-remand motion to withdraw guilty plea, placing great weight on the fact that Becraft provided no reasonable, legitimate basis for the withdrawal.

{¶ 64} Becraft's Third Assignment of Error is overruled.

## Conclusion

{¶ 65} Having partially sustained Becraft's First Assignment of Error, the portion of Becraft's sentence ordering $1,200 in restitution to the victim is modified to $583.33. We note that it would also be appropriate to order Becraft to pay $1,200 jointly and severally, but for the sake of being consistent with the order of restitution imposed on Becraft's codefendant, restitution shall be modified to $583.33. Having overruled Becraft's other two assignments of error, the remainder of the trial court's judgment is affirmed.

. . . . . . . . . . . . .

HALL, P.J., concurs.

DONOVAN, J., dissenting:

{¶ 66} I disagree. The trial court cannot now disavow the finding which it made in its original judgment entry, to-wit: "in committing the offense, the defendant made an actual threat of harm to a person with a deadly weapon." The majority suggests there was some "confusion" during the direct appeal. There was no "confusion" whatsoever as the trial court speaks through its judgment entry, *State v. Rainwater*, 2d Dist. Montgomery No. 24136, 2011-Ohio-872, ¶ 17, and this finding is unequivocal. In my view, the trial court appears not to have exercised its discretion in light of the reversal of

the judgment, but, in effect to have sought merely to justify the original sentence. The State of Ohio likewise called our prior decision "erroneous." If such is the view of the prosecuting attorney, the State should have sought Supreme Court review. It did not.

{¶ 67} The court's apparent attitude about our reversal and remand appears to have bled over into a lack of meaningful consideration of Becraft's motion to withdraw his plea. Becraft was entitled to a full evidentiary hearing on his motion, including an opportunity for Becraft himself to speak and/or testify which did not occur. This is evidenced by the following:

DEFENDANT:   I would just like to talk about - -

THE COURT:   Just a moment, please.

DEFENDANT:   Oh.

THE COURT:   We haven't gotten to that point yet.

DEFENDANT:   I apologize.

Hearing Trans. (Jan. 4, 2016), p. 10.

{¶ 68} It is clear that Becraft desired to speak to the trial court directly and articulate his rationale for wanting to withdraw his plea. The trial court's refusal to allow Becraft to address the court on the merits of his motion establishes that the hearing fell short of the full and impartial hearing that the law requires. Defense counsel attempted to secure Becraft's right to address the court, stating "I would ask the court to let Mr. Becraft speak on his behalf, Your Honor". Hearing Trans. (Jan. 4, 2016), p. 9. However, this effort also was rebuffed. The only time the Defendant was permitted to address the court was at Sentencing, after the Motion to Withdraw was already denied.

{¶ 69} Furthermore, the content of Defendant's Exhibit P, a 911 recording reveals,

"We think we just saw two guys steal a purse." There is, in this initial call, no reference to a third individual. This report is consistent with Becraft's defense. This 911 call comports with co-defendant Dozier's written statement identified as Defendant's Exhibit A, which buttresses Becraft's claim of innocence. In addition, Exhibit W, an affidavit from an inmate, avers that co-defendant Jeremy Dover revealed to him that Becraft was "innocent."[3] These exhibits were, in fact, admitted at Becraft's limited motion to withdraw his plea hearing and hence should have been considered, not ignored.

{¶ 70} I'd also note although the written results of the polygraph are not part of our record, the transcript suggests Becraft failed one question on the issue of whether he received any money from the aggravated robbery. The printed transcript suggests the court was in possession of the complete report raising the concern as to whether it was considered. Ostensibly, a singular failed question may establish receiving stolen property but is not necessarily evidence Becraft was an accomplice in or planned the aggravated robbery itself.

{¶ 71} Accordingly, I would reverse and vacate the sentence and grant Becraft's motion to withdraw his plea.

. . . . . . . . . .

Copies mailed to:

Megan M. Farley
S. Todd Brecount
Hon. Richard J. O'Neill

---

[3] It is significant to note that Becraft's post-conviction relief petition filed December 2, 2013 was never decided on the merits. It was dismissed on May 6, 2015 because the direct appeal was pending. Hence, Becraft may still be able to pursue this avenue of relief.