**[Cite as *State v. Good*, 2023-Ohio-1510.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-39 |
| | : | |
| v. | : | Trial Court Case No. 21-CR-0275 |
| | : | |
| HOWARD EUGENE GOOD | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 5, 2023

. . . . . . . . . . .

ANDREW PARKER PICKERING, Attorney for Appellee

RICHARD L. KAPLAN, Attorney for Appellant

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} Defendant-Appellant Howard Eugene Good appeals from his conviction in the Clark County Court of Common Pleas after he pleaded guilty to one count of felonious assault and was sentenced to four to six years in prison. For the reasons that follow, the judgment of the trial court will be affirmed.

**I.      Facts and Procedural History**

{¶ 2} On April 2, 2021, Good stabbed Ralph Horne in the chest with a knife at an apartment complex on Yellow Springs Street in Springfield. He was quickly apprehended and charged with a single count of felonious assault, in violation of R.C. 2903.11(A)(2). On January 5, 2022, after months of delays and a change in defense counsel, Good entered a guilty plea to the felonious assault count and, in exchange, the State agreed to remain silent at the sentencing hearing. The trial court ordered a presentence investigation, set a date for disposition and, in the meantime, put Good on electronic home monitoring.

{¶ 3} On February 25, 2022, the parties gathered for what was supposed to be Good's disposition. However, he informed the court that he wished to withdraw his guilty plea and instead take the case to trial. The trial court delayed imposing Good's sentence and set a date to hear his argument as to why the guilty plea should be set aside. The proceeding then turned into a bond violation hearing. Good admitted that he had gone to a casino and to Columbus without permission, and the court revoked his bond, remanding him to jail until the case was resolved.

{¶ 4} The trial court held a hearing on Good's motion to withdraw his guilty plea on March 4, 2022. Good and his trial attorney both testified. Ultimately, the court overruled Good's motion, believing the motion was simply based on a change of heart.

{¶ 5} On April 12, 2022, Good was sentenced to four-to-six years in prison. He has appealed, raising a single assignment of error.

## II.     Motion to Withdraw a Guilty Plea

{¶ 6} In his assignment of error, Good contends that the trial court abused its

discretion when it did not grant the presentence motion to withdraw his guilty plea. He argues two things: (1) that his plea was not voluntary because he was not informed that there would be a presumption of prison time based on the nature of the crime, and (2) that he was under the impression that by pleading guilty, he would get community control.

{¶ 7} Crim.R. 32.1 states that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The Supreme Court of Ohio has held that a presentence motion to withdraw a plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992); *State v. Barnes*, Ohio Slip Opinion No. 2022-Ohio-4486, __ N.E.3d __, ¶ 21. Even though the presentence standard is more lenient than the "manifest injustice" standard applicable to post-sentence motions, withdrawing a presentence plea is not a given because "a trial court retains discretion to overrule a presentence plea-withdrawal motion." *Id.* Finally, a change of heart is not a legitimate basis for withdrawing a guilty plea when the defendant understood, at the time the plea was entered, the maximum and minimum sentences that could be imposed and that no particular sentence had been promised. *State v. Thomas*, 2d Dist. Greene No. 2006-CA-57, 2007-Ohio-443, ¶ 11.

{¶ 8} In evaluating whether a trial court has abused its discretion in overruling a presentence motion to withdraw a plea, we have adopted the nine factors set forth in *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995), *overruled on other grounds*, *State v. Sims*, 2017-Ohio-8379, 99 N.E.3d 1056(1st Dist.):

(1) whether the accused is represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the motion, (4) whether the trial court gave full and fair consideration to the motion, (5) whether the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for the withdrawal, (7) whether the accused understood the nature of the charges and possible penalties, (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges, and (9) whether the state is prejudiced by withdrawal of the plea.

Consideration of the factors involves a balancing test, and no single factor is dispositive. *State v. Massey*, 2d Dist. Champaign No. 2015-CA-1, 2015-Ohio-4711, ¶ 11. The ultimate question is whether there is a "reasonable and legitimate basis for the withdrawal of the plea." *State v. Becraft*, 2017-Ohio-1464, 89 N.E.3d 218, ¶ 54 (2d Dist.), quoting *Xie* at 584.

{¶ 9} In this case, Good provided the trial court with testimony that he had agreed to plead guilty because he believed, in exchange, he would receive probation (community control). He further stated that he would have never agreed to an "open plea" because of his criminal history. This testimony, though, was belied by the record, which compelled the conclusion the trial court made – that Good had just had a change of heart.

{¶ 10} At the plea hearing, the court engaged in a detailed colloquy with Good, explaining the rights (both constitutional and non-constitutional) he would be giving up by pleading guilty. The court also explained his sentencing range possibilities, including the

detail that a second-degree felony, such as felonious assault, could have a maximum indefinite sentencing range of 8 to 12 years. It also noted how the indefinite sentence would be calculated.   The trial court then discussed community control but did not give any indication that Good would receive that sanction.

{¶ 11} Perhaps most importantly for the purposes of this appeal, the trial court confirmed that Good had read his plea agreement in its entirety with his attorney, understood it, and signed it. The court also confirmed that no one had made any promises to Good other than what had been put on the record and that he was satisfied with his attorney. Persuaded that Good was voluntarily entering into the plea agreement, the trial court accepted the plea.

{¶ 12} There is nothing in the record that demonstrates Good was promised community control if he pled guilty. The terms of the agreement were that he would plead guilty as charged, the court would order a PSI, and the State would stay silent at sentencing. At the motion hearing, Good's defense counsel stated the same thing, telling the judge that he had never told Good he would get probation as a result of pleading guilty. "I would have said the decision's always in the court's hands, and we would have gone into detail through the plea agreement." March 4, 2022, Hearing Tr. at 13. Finally, Good's own brief seems to admit that community control was off the table, stating, "[a]n examination of facts within the record demonstrate Mr. Good would in all probability not receive probation[.]" Appellant's Brief at 10.

{¶ 13} Nevertheless, Good makes another argument: the trial court should have explained that there was a presumption of incarceration for his second-degree felony.

This is incorrect. We have held that "a trial judge is not required, when accepting a guilty plea, to inform a defendant of the statutory presumption in favor of incarceration for first and second-degree felonies, and to ascertain that the defendant understands that statutory presumption." *State v. Gales*, 2d Dist. Greene No. 97-CA-114, 1998 WL 698363, *4 (Oct. 9, 1998). *See also State v. Raymond*, 8th Dist. Cuyahoga No. 99177, 2013-Ohio-3144, ¶ 9.

**{¶ 14}** The trial court did not abuse its discretion by overruling Good's presentence motion to withdraw his plea. Good was afforded a full Crim.R. 11 hearing before entering his plea, demonstrated that he knew the nature of the charge and penalty, was represented by competent counsel, and received a full hearing on the motion. The trial court came to the reasonable conclusion that Good had simply had a change of heart. His assignment of error is overruled.

### III.    Conclusion

**{¶ 15}** The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and LEWIS, J., concur.