OPINION
{¶ 1} Defendant-appellant Christopher A. Devaughns appeals from his sentence, following a remand from this court, for Felonious Assault and for Kidnapping. *Page 2 
The facts surrounding these offenses are set forth in our opinion disposing of his first appeal, State v. Devaughns, Montgomery App. No. 21654, 2007-Ohio-3455, in which we rejected all of Devaughns's other assignments of error, but sustained his assignment of error having to do with the failure of the trial court to have accorded Devaughns an opportunity to address the court personally before the imposition of sentence.
 {¶ 2} Devaughns was originally sentenced to imprisonment for eight years for Felonious Assault, and to ten years for Kidnapping, to be served consecutively with one another, and also consecutively with a one-year sentence imposed in another case. As noted, we reversed Devaughns's original sentence, but not his convictions, upon the ground of a failure to have accorded him his right to allocution. Upon remand, Devaughns was given the opportunity to address the trial court personally, and did so. Devaughns was again sentenced to eight years for Felonious Assault, and ten years for Kidnapping, to be served consecutively with one another, and also consecutively with a one-year sentence imposed in another case. From this sentence, Devaughns appeals.
 {¶ 3} Devaughns's assigned appellate counsel has filed a brief under the authority of Anders v. California (1967), indicating that he has not been able to find any potential assignments of error having arguable merit. We extended to Devaughns an opportunity to file his own, pro se brief, and he has done so.
 {¶ 4} Devaughns takes issue with his convictions, contending that they were obtained through perjured testimony, and that his trial attorney should have elicited testimony from himself and from other witnesses to disprove the charges. Devaughns's convictions are beyond the scope of this appeal, which is concerned solely with the propriety of the sentence imposed upon remand. *Page 3 
 {¶ 5} The only issue Devaughns presents that bears upon the propriety of the sentence is his contention that he was not represented at the sentencing by his regular attorney (who had represented him in his original appeal), but by an "associate" of that attorney. The record indicates that this was initially of some concern to Devaughns at the sentencing hearing, but that he decided to proceed anyway, having been given the option of a continuance:
 {¶ 6} "THE COURT: Mr. Devaughns, your attorney is not here.
 {¶ 7} "THE DEFENDANT: Yes, sir.
 {¶ 8} "THE COURT: Are you prepared to go forward with Mr. Pentecost?
 {¶ 9} "THE DEFENDANT: No, sir.
 {¶ 10} "THE COURT: Okay. We'll continue the matter in one week.
 {¶ 11} "THE DEFENDANT: Okay.
 {¶ 12} "MS. DODD [representing the State]: Which attorney, your Honor? Would that be the trial counsel or the appellate counsel?
 {¶ 13} "MR. PENTECOST: Mr. Devaughns?
 {¶ 14} "MS. DODD: The most recent appointment would be Jeremiah Denslow [who represented Devaughns in the original appeal] (indiscernible).
 {¶ 15} "(Pause in proceedings)
 {¶ 16} "THE COURT: Which — just so we're clear. We've got — on this sheet, we've got Mr. Miles [who represented Devaughns at his trial] and Mr. Denslow, the appellate lawyer.
 {¶ 17} "MR. PENTECOST: Your Honor, I've spoken with Mr. Devaughns, and I've explained to him the purpose of why we're here today and certain things he wants to *Page 4 
say; and I have advised him that he has the opportunity right now to address the Court in that regard in regard to sentencing.
 {¶ 18} "THE COURT: That's right.
 {¶ 19} "MR. PENTECOST: And that's — he's understand — he understands that now. I think he's prepared to go forward.
 {¶ 20} "THE DEFENDANT: Yeah.
 {¶ 21} "THE COURT: Very well. And just to — we're here for resentencing, giving you the right of allocution. You get to say something before the Court imposes the sentence.
 {¶ 22} "THE DEFENDANT: I appreciate that.
 {¶ 23} "THE COURT: And your attorney's not here, either of them; and it's okay if Mr. Pentecost stands in next to you while you say what you're going to say, is that right?
 {¶ 24} "THE DEFENDANT: I thank you very much.[1]
 {¶ 25} "THE COURT: Very well. It's set today for sentencing. The Court has reviewed the previous transcripts, and is there anything additional that you would have to add, Mr. Pentecost, from counsel's-
 {¶ 26} "MR. PENTECOST: Your Honor, it's my understanding the Court of Appeals did address or did review counsel's arguments and indicated those were eloquent on Mr. Devaughns' half [sic].[2] I have nothing further beyond what counsel has previously disclosed to this Court. *Page 5 
 {¶ 27} "THE COURT: Very well.
 {¶ 28} "Mr. Devaughns, do you have anything to say before the Court imposes sentence?"
 {¶ 29} Whereupon Devaughns addressed the trial court for over seven pages of transcript, before the trial court gave the State an opportunity to respond, and imposed sentence. Devaughns's statement is at times difficult to follow, but appears to have consisted mainly of an argument that he was not actually guilty of the offenses of which he was convicted.
 {¶ 30} Based upon our review of the record, we conclude that no reasonable argument can be made that the trial court erred by proceeding with the re-sentencing hearing, because the record reflects that Devaughns voluntarily chose to proceed with Pentecost representing him at the hearing.
 {¶ 31} We have performed our duty, under Anders v. California, supra, to review the record independently, and we agree with Devaughns's appellate counsel that there are no potential assignments of error having arguable merit. We conclude that this appeal is wholly frivolous. Accordingly, the judgment of the trial court from which this appeal is taken is Affirmed.
WOLFF, P.J., and BROGAN, J., concur.
[1] The videotape of the proceedings shows Devaughns nodding his head affirmatively, up and down, as these words are spoken.
[2] "[sic]" is in the transcript. *Page 1