[Cite as *State v. Becraft*, 2019-Ohio-2348.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-96 |
| | : | |
| v. | : | Trial Court Case No. 2012-CR-511A |
| | : | |
| RICHARD E. BECRAFT, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of June, 2019.

. . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

RICHARD E. BECRAFT, JR., Inmate No. 685-749, Lebanon Correctional Institution, P.O. Box 56, Lebanon, Ohio 45036
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Richard E. Becraft, Jr., appeals pro se from a judgment of the Clark County Court of Common Pleas denying his petition for post-conviction relief. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On May 2, 2013, Becraft pled guilty to one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree. In exchange for his guilty plea, the State agreed to dismiss an attached firearm specification and to stipulate that Becraft did not have a firearm during the offense in question. After accepting Becraft's guilty plea, on May 28, 2013, the trial court sentenced Becraft to nine years in prison and ordered him to pay $2,000 in restitution to the victim.

{¶ 3} On June 26, 2013, Becraft filed a notice of appeal from his conviction. The same day, Becraft also filed a pro se motion to withdraw his guilty plea. In support of his motion, Becraft argued that his trial counsel falsely promised that he would only receive a five-year prison sentence. On August 13, 2013, the trial court issued a brief entry denying the motion.

{¶ 4} Between December 2013 and May 2015, Becraft filed several pro se petitions for post-conviction relief and a post-conviction motion to withdraw his guilty plea. In these filings, Becraft argued that his guilty plea should be vacated because his trial counsel falsely promised that he would receive a maximum prison sentence of five years. Becraft also argued that his trial counsel withheld the discovery packet from him and falsely promised that he would be granted judicial release in six months. On May 6,

2015, the trial court issued an entry dismissing Becraft's post-conviction motion to withdraw his guilty plea on grounds that it lacked jurisdiction to rule on the motion due to Becraft's pending appeal.

{¶ 5} In his direct appeal from his conviction, Becraft challenged trial counsel's effectiveness, the trial court's order of restitution, and the knowing and voluntary nature of his guilty plea. This court reversed the portion of the trial court's sentence ordering Becraft to pay $2,000 in restitution upon finding that the amount ordered exceeded the victim's economic loss. *State v. Becraft*, 2d Dist. Clark No. 2013-CA-54, 2015-Ohio-3911, ¶ 31. ("*Becraft I*"). This court also reversed the remainder of Becraft's sentence on the grounds that his trial counsel rendered ineffective assistance in failing to object to certain unsupported findings made by the trial court during sentencing. *Id*. at ¶ 27. Although we found that Becraft received ineffective assistance during sentencing, we found no ineffective assistance during the plea proceedings. *Id*. at ¶ 13-19. We therefore affirmed all aspects of Becraft's conviction, but remanded the matter for the limited purpose of resentencing. *Id*. at ¶ 32.

{¶ 6} At his resentencing hearing, Becraft advised the trial court that he wanted to withdraw his guilty plea. In response to Becraft's request, the trial court continued the resentencing hearing so that Becraft could file a written request to withdraw his guilty plea. With the assistance of new trial counsel, Becraft filed a motion to withdraw his guilty plea on January 6, 2016.

{¶ 7} In support of his motion, Becraft did not raise the same ineffective assistance claims raised in his prior post-conviction motions and petitions. Instead, Becraft argued that he should be permitted to withdraw his guilty plea because this court had determined

in his direct appeal that his trial counsel had rendered ineffective assistance during sentencing. Becraft also argued that his trial counsel had been ineffective in failing to provide him with the victim impact statement and in failing to provide him with the "favorable" results of a polygraph test that he took prior entering his guilty plea. Becraft claimed that he would not have pled guilty had he known about the test results.

{¶ 8} Following a hearing on these claims, the trial court denied Becraft's motion to withdraw his guilty plea and scheduled the matter for resentencing. During the resentencing portion of the proceedings, the trial court ordered Becraft to serve eight years in prison and to pay $1,200 in restitution to the victim. Becraft then appealed from the trial court's resentencing judgment. Becraft also appealed from the trial court's order denying his motion to withdraw his guilty plea.

{¶ 9} On appeal, this court modified the trial court's restitution order from $1,200 to $583.33. *State v. Becraft*, 2017-Ohio-1464, 89 N.E.3d 218, ¶ 65 ("*Becraft II*"). The modification was for purposes of preventing a windfall to the victim and to be consistent with the order of restitution imposed on Becraft's co-defendant. *Id.* at ¶ 24, 65. This court otherwise affirmed the trial court's sentence and the order denying Becraft's motion to withdraw his guilty plea. *Id.* at ¶ 65.

{¶ 10} On November 20, 2017, following our decision in *Becraft II*, Becraft filed another pro se petition for post-conviction relief. In this petition, Becraft argued that the restitution awarded by the trial court exceeded the economic loss suffered by the victim. Becraft also argued that the State breached an agreement to dismiss the case against him if his polygraph test results showed that he truthfully denied involvement in the aggravated robbery. Becraft further argued that his guilty plea should be vacated as a

result of his trial counsel providing ineffective assistance. Specifically, Becraft claimed his trial counsel provided ineffective assistance by:

(1) falsely promising him that he would serve only three to five years in prison if he accepted the State's plea offer;

(2) incorrectly advising him that he would be eligible for community control sanctions;

(3) failing to investigate and interview relevant witnesses who could have impeached the State's witnesses and provided him with a viable defense;

(4) failing to obtain video evidence from the Kroger store where the victim was robbed; and

(5) sending him a letter dated June 19, 2013, that incorrectly stated his offense carried a mandatory prison term and that he would be eligible for judicial release after three years.

{¶ 11} On July 25, 2018, the trial court denied Becraft's petition for post-conviction relief on grounds that the arguments raised therein were barred by res judicata. The trial court did not hold an evidentiary hearing before denying the petition. Becraft now appeals from that judgment, raising four assignments of error for review.

**First Assignment of Error**

{¶ 12} Under his first assignment of error, Becraft contends that the trial court erred in denying his petition for post-conviction relief on the basis of res judicata. Becraft also

contends that the trial court erred in failing to conduct an evidentiary hearing on the issue of whether the State breached the polygraph agreement.   We disagree with both claims.

*1.  The Trial Court Correctly Concluded that Res Judicata Bars the Claims Raised in Becraft's Petition for Post-Conviction Relief*

**{¶ 13}** "Petitions for post-conviction relief are governed by R.C. 2953.21 through R.C. 2953.23.   Under these statutes, any defendant who has been convicted of a criminal offense and who claims to have experienced a denial or infringement of his or her constitutional rights (federal or Ohio) may petition the trial court to vacate or set aside the judgment and sentence."   *State v. DeVaughns*, 2017-Ohio-475, 84 N.E.3d 332, ¶ 24 (2d Dist.), citing R.C. 2953.21(A).   "A post-conviction proceeding is not an appeal of a criminal conviction; it is a collateral civil attack on the judgment."   *Id.*, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48.   (Other citations omitted.)   It is "a means by which the petitioner may present constitutional issues to the court that would otherwise be impossible to review because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction." (Citations omitted.)   *State v. Monroe*, 2015-Ohio-844, 29 N.E.2d 391, ¶ 37 (10th Dist.).

**{¶ 14}** "[P]ost[-]conviction relief is a particularly narrow remedy because the doctrine of res judicata bars 'any claim that was or could have been raised at trial or on direct appeal.' "   *State v. Pound*, 2d Dist. Montgomery Nos. 24789, 24980, 2012-Ohio-3392, ¶ 8, quoting *State v. Dudley*, 2d Dist. Montgomery No. 23613, 2010-Ohio-4152, ¶ 30.   " ' "Res judicata also implicitly bars a petitioner from 'repackaging' evidence or issues which either were, or could have been, raised in the context of the petitioner's trial

or direct appeal." ' " *State v. Goldwire*, 2d Dist. Montgomery No. 20838, 2005-Ohio-5784, ¶ 11, quoting *Monroe* at ¶ 9, quoting *State v. Hessler*, 10th Dist. Franklin No. 01AP-1011, 2002-Ohio-3321, ¶ 37.

{¶ 15} Res judicata not only applies to claims that could have been or were raised on direct appeal, " 'but to all postconviction proceedings in which an issue was or could have been raised.' " *State v. Heid*, 4th Dist. Scioto No. 15CA3710, 2016-Ohio-2756, ¶ 18, quoting *State v. Montgomery*, 2013-Ohio-4193, 997 N.E.2d 579, ¶ 42 (8th Dist.). More specifically, "res judicata applies to bar raising piecemeal claims in successive post-conviction relief petitions or motions to withdraw a guilty plea that could have been raised, but were not, in the first post-conviction relief petition or motion to withdraw a guilty plea." (Citations omitted.) *State v. McCain*, 2d Dist. Montgomery No. 27195, 2017-Ohio-7518, ¶ 35.

{¶ 16} "We review trial court decisions on petitions for post-conviction relief under an abuse of discretion standard." (Citations omitted.) *State v. Perkins*, 2d Dist. Montgomery No. 25808, 2014-Ohio-1863, ¶ 27. "The term 'abuse of discretion' has been defined as a decision that is unreasonable, arbitrary, or unconscionable." (Citation omitted.) *State v. Howard*, 2d Dist. Montgomery No. 26069, 2014-Ohio-4602, ¶ 8.

{¶ 17} In this case, Becraft claims the trial court abused its discretion when it denied his November 20, 2017 petition for post-conviction relief on the basis of res judicata. However, upon reviewing the record, we find the trial court properly concluded that res judicata bars the claims in Becraft's petition. This is because the claims were either: (1) raised in a prior appeal and overruled by this court; or (2) could have been, but were not, raised when Becraft requested to withdraw his guilty plea on remand.

**{¶ 18}** Becraft's claim that the order of restitution exceeded the victim's economic loss is an example of a claim that had already been raised and decided on appeal. *See Becraft II*, 2017-Ohio-1464, 89 N.E.3d 218, at ¶ 18-25. Becraft raised the restitution claim in *Becraft II*, wherein this court modified the trial court's order of restitution from $1,200 to $583.33. *Id.* at ¶ 65. Therefore, res judicata bars Becraft from raising the restitution claim for a second time in his petition for post-conviction relief.

**{¶ 19}** Becraft's claim that the State breached the parties' polygraph agreement is also barred by res judicata due to a similar argument being raised in *Becraft II*. In *Becraft II*, Becraft argued that his trial counsel was ineffective in failing to provide him with the "favorable" results from his polygraph test. Becraft claimed that had he known about the "favorable" results, he would not have pled guilty to aggravated robbery. *Becraft II* at ¶ 57. In rejecting Becraft's claim, this court stated the following in *Becraft II*:

> Becraft * * * did not submit a copy of the polygraph test results in support of his motion. Rather, Becraft simply told the court that he only failed one question—whether he received any amount from the robbery. We do not see how such a result exonerates him, as the State specifically advised the trial court at the January 29th hearing that Becraft did not pass the polygraph test. Furthermore, the record indicates that the parties entered into a "Stipulated Polygraph Agreement" wherein the State agreed to dismiss the case against Becraft if the polygraph examiner determined that he was truthful in denying involvement in the offense. It is hard to believe that the results were favorable to Becraft since his trial counsel, who the record indicates received the results, never demanded a dismissal based

on the parties' stipulation. Accordingly, we do not find that the polygraph results are a legitimate basis for the withdrawal of his plea, as the record indicates the test results were not favorable as Becraft claims.

*Id.*

{¶ 20} The claim raised in *Becraft II,* and the claim raised in Becraft's petition for post-conviction relief, both concern the underlying issue of whether Becraft satisfied the terms of the polygraph agreement by truthfully denying involvement in the aggravated robbery offense. Using the available record, this court determined in *Becraft II* that the polygraph test results did not exonerate Becraft since he admitted to showing deception when asked whether he received any money from the offense. Although Becraft appealed our decision in *Becraft II*, the Supreme Court of Ohio declined to review the matter. *See State v. Becraft*, 150 Ohio St.3d 1433, 81 N.E.3d 1272 (2017). Therefore, since the issue of whether the polygraph test exonerated Becraft has already been decided in *Becraft II*, res judicata bars any further review of that issue, and our holding in *Becraft II* is the law of the case.

{¶ 21} We now turn to the ineffective assistance claims raised in Becraft's petition for post-conviction relief. Upon review, we find the trial court properly concluded that Becraft's ineffective assistance claims are barred by res judicata. Becraft's claim that his trial counsel rendered ineffective assistance by advising him that he was eligible for community control was previously addressed in *Becraft I*. In that case, Becraft similarly argued that the trial court erroneously advised him that community control was an available sentencing option for his offense. *Becraft I*, 2d Dist. Clark No. 2013-CA-54, 2015-Ohio-3911, at ¶ 13. This court disagreed and held that the trial court correctly

informed Becraft that he would be eligible for community control if he could overcome the presumption of imprisonment by satisfying all the requirements in R.C. 2929.13(D)(2). *Id.* at ¶ 15. Since the underlying issue as to whether Becraft was eligible for community control was already raised and decided by this court in *Becraft I*, Becraft's claim that his trial counsel was ineffective for advising him that he was eligible for community control is barred by res judicata.

**{¶ 22}** The remaining ineffective assistance claims raised in Becraft's petition for post-conviction relief are barred by res judicata because they could have been, but were not, raised at the time he requested to withdraw his guilty plea on remand. Again, "res judicata applies to bar raising piecemeal claims in successive post-conviction relief petitions or motions to withdraw a guilty plea that could have been raised, but were not, in the first post-conviction relief petition or motion to withdraw a guilty plea." (Citations omitted.) *McCain*, 2d Dist. Montgomery No. 27195, 2017-Ohio-7518, at ¶ 35. *See also Montgomery*, 2013-Ohio-4193, 997 N.E.2d 579, at ¶ 44. ("[w]hen a party has previously filed a petition for post[-]conviction relief, issues raised in a subsequent motion to withdraw guilty plea that could have been raised in the petition for post[-]conviction relief are res judicata").

**{¶ 23}** A trial court is prohibited from entertaining successive petitions for similar relief unless the petitioner shows: (1) he was unavoidably prevented from discovering the facts upon which he relies to present his claim, or (2) the United States Supreme Court recognizes a new federal or state right that applies retroactively to his situation and the petition asserts a claim based on that right. R.C. 2953.23(A)(1)(a). The petitioner must also show by clear and convincing evidence that, if not for the constitutional error from

which he suffered, no reasonable factfinder could have found him guilty. R.C. 2953.23(A)(1)(b).

{¶ 24} In this case, Becraft did not aver that he was unavoidably prevented from discovering the facts on which the ineffective assistance claims in his petition were based. Nor did Becraft aver that a new federal or state right applies retroactively to his situation. The record indicates that, at the time he requested to withdraw his guilty plea on remand, Becraft had knowledge of the ineffective assistance claims that he raised in his November 20, 2017 petition for post-conviction relief. Therefore, Becraft should have raised his ineffective assistance claims when he requested to withdraw his guilty plea on remand. Instead, Becraft chose to inappropriately raise piecemeal ineffective assistance claims in a successive post-conviction proceeding. Such a practice is barred by res judicata.

{¶ 25} We note that, in his reply briefs, Becraft makes much of the fact that his petition for post-conviction relief included a June 19, 2013 letter written by his trial counsel that incorrectly stated his offense carried a mandatory prison term. The letter also incorrectly stated that Becraft would be eligible for judicial release after three years. Becraft claims that the misinformation in the letter amounted to ineffective assistance that warrants the withdrawal of his guilty plea.

{¶ 26} This claim is not only barred by res judicata for the reasons previously discussed, but it also lacks merit because the letter was written *after* Becraft entered his guilty plea. We note that Becraft never specifically averred in his supporting affidavit that the misinformation in the letter was provided to him *before* he entered his guilty plea or that it induced him to plead guilty. Rather, Becraft averred that his decision to plead guilty was based on his attorney's advice that he would be eligible for probation (which is

true if the trial court made all the required findings in R.C. 2929.13(D)(2)) and that he would serve no more than three to five years in prison.   Becraft specifically averred that his decision to plead guilty "was *solely* due to weighing the benefit of possibly having no prison time at all or a relatively short prison term of 3-5 years[.]"   (Emphasis added.) Affidavit of Richard E. Becraft, Jr. (Nov. 20, 2017), p. 2, ¶ 9.   Becraft also averred that his attorney's "ineffective advice that [he] would be out in 3-5 years led directly to [his] decision to enter a plea of guilty."   *Id.* at p. 4, ¶ 26.

{¶ 27} Becraft's own averments establish that it was not the misinformation in the June 19th letter that induced him to plead guilty.   The letter simply evidences the fact that trial counsel provided Becraft with misinformation about his sentence *after* he entered his guilty plea.   In turn, there is nothing in the record indicating that the misinformation in the letter precluded Becraft from entering a knowing, intelligent, and voluntary plea.

{¶ 28} For the foregoing reasons, the trial court did not abuse its discretion when it concluded that res judicata bars the claims raised in Becraft's November 20, 2017 petition for post-conviction relief.

### 2.  The Trial Court's Failure to Hold an Evidentiary Hearing on Becraft's Petition for Post-Conviction Relief Was Not an Abuse of Discretion

{¶ 29} "The post-conviction relief statutes do 'not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required.' "   *State v. Rollins*, 2d Dist. Champaign No. 2018-CA-3, 2018-Ohio-4525, ¶ 11, quoting *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980).   "Rather, in addressing a petition for post-conviction relief, a trial court plays a gatekeeping role as to

whether a defendant will receive a hearing." *Id.*, citing *Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, at ¶ 51. "A trial court may dismiss a petition for post-conviction relief without a hearing 'where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief.' " *Id.*, quoting *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), paragraph two of the syllabus; *Gondor* at ¶ 51.

{¶ 30} "Broad conclusory allegations are insufficient, as a matter of law, to require a hearing." (Citation omitted.) *State v. Coleman*, 2d Dist. Clark Nos. 04CA43, 04CA44, 2005-Ohio-3874, ¶ 17. Moreover, "[a] petitioner is not entitled to a hearing if his claim for relief is belied by the record and is unsupported by any operative facts other than Defendant's own self-serving affidavit or statements in his petition, which alone are legally insufficient to rebut the record on review." (Citations omitted.) *Id.* "In reviewing petitions for post-conviction relief, a trial court may, in the exercise of its sound discretion, weigh the credibility of affidavits submitted in support of the petition in determining whether to accept the affidavit as true statements of fact." *Id.* at ¶ 25, citing *Calhoun*.

{¶ 31} As previously noted, Becraft contends that the trial court erred in failing to conduct an evidentiary hearing on the issue of whether the State breached the polygraph agreement. Becraft, however, did not provide any new evidence establishing that the polygraph test results exonerated him. Rather, in arguing that the State breached the polygraph agreement, Becraft relied only on his self-serving affidavit and the bare assertions set forth in his petition for post-conviction relief. Therefore, because Becraft's claim is not supported by anything other than the unsupported statements in his petition

and self-serving affidavit, and because the underlying issue is barred by res judicata, the trial court did not abuse its discretion in failing to hold an evidentiary hearing on the matter.

{¶ 32} Becraft's first assignment of error is overruled.

**Second and Third Assignments of Error**

{¶ 33} Under his second and third assignments of error, Becraft raises the same ineffective assistance claims that he raised in his petition for post-conviction relief. Specifically, Becraft contends that his trial counsel provided ineffective assistance by erroneously advising him that he would receive three to five years in prison for his offense, be eligible for probation, and be placed on judicial release after three years. Becraft also contends that his trial counsel provided ineffective assistance by failing to investigate relevant witnesses and video evidence from the location of the robbery. As discussed under Becraft's first assignment of error, these ineffective assistance claims are barred by res judicata because they were either raised in a prior appeal and overruled by this court, or could have been, but were not, raised at the time he requested to withdraw his guilty plea on remand.

{¶ 34} Becraft's second and third assignments of error are overruled.

**Fourth Assignment of Error**

{¶ 35} Under his fourth assignment of error, Becraft raises the same claim in his petition for post-conviction relief concerning the State's alleged breach of the polygraph agreement. As discussed more fully under Becraft's first assignment of error, this claim is barred by res judicata because the underlying issue was already decided by this court

in *Becraft II.*

{¶ 36} Becraft's fourth assignment of error is overruled.

### Conclusion

{¶ 37} Having overruled all assignments of error raised by Becraft, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J., concurs.

DONOVAN, J., dissents:

{¶ 38} The majority suggests the June 19 letter is only evidence that Becraft received misinformation after his plea. I disagree – the letter is evidence of counsel's misunderstanding of the sentencing statutes applicable to Becraft's case. It is not unreasonable to conclude that Becraft's plea may have been entered in part because of this misunderstanding of the law.

{¶ 39} In my view, an evidentiary hearing was warranted to ferret this issue out. Eligibility for judicial release is certainly part of the calculus when any defendant pleads guilty. "Erroneous legal advice as to eligibility for judicial release that induces a guilty plea might constitute ineffective assistance of counsel." *State v. Pape,* 2d Dist. Clark No. 2000 CA 98, 2001-Ohio-1827.

{¶ 40} I would reverse for an evidentiary hearing.

Copies sent to:

John M. Lintz
Richard E. Becraft, Jr.
Hon. Richard J. O'Neill