[Cite as *State v. DeVaughns*, 2022-Ohio-2512.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29420 |
| | : | |
| v. | : | Trial Court Case No. 2006-CR-843 |
| | : | |
| CHRISTOPHER A. DEVAUGHNS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of July, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

CHRISTOPHER A. DEVAUGHNS, Inmate No. A525-249, Allen Correctional Institution, P.O. Box 4501, Lima, Ohio 45802
        Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Defendant-appellant, Christopher A. DeVaughns, appeals pro se from a judgment of the Montgomery County Court of Common Pleas overruling his petition for postconviction relief, which was captioned "Motion to Vacate Sentence/Wrongful Imprisonment." For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

**{¶ 2}** In 2006, DeVaughns was tried by a jury and found guilty of felonious assault and kidnapping. The offenses stemmed from DeVaughns severely beating the mother of his child and confining her against her will. At DeVaughns' sentencing hearing, the trial court imposed eight years in prison for felonious assault and ten years in prison for kidnapping. The trial court ordered those sentences to be served consecutively to each other and consecutively to a sentence imposed in another case. DeVaughns thereafter appealed from his conviction.

**{¶ 3}** On appeal, DeVaughns argued that his conviction was against the manifest weight of the evidence and that his offenses were allied offenses of similar import that should have been merged at sentencing. We rejected both of these claims but held that the trial court erred by failing to afford DeVaughns an opportunity to speak on his own behalf at sentencing. Accordingly, we reversed the trial court's sentencing decision and remanded the matter to the trial court for resentencing. *State v. DeVaughns*, 2d Dist.

Montgomery No. 21654, 2007-Ohio-3455 ("*DeVaughns I*").

{¶ 4} At the resentencing hearing, the trial court gave DeVaughns the opportunity to address the court. Following DeVaughns' remarks, the trial court reimposed the original sentence. DeVaughns thereafter appealed from his resentencing, and this court affirmed the judgment of the trial court. *State v. DeVaughns*, 2d Dist. Montgomery No. 22349, 2008-Ohio-4010 ("*DeVaughns II*").

{¶ 5} Between 2009 and 2021, DeVaughns filed several postconviction motions and petitions with the trial court and several appeals. Below is a summary of the relevant postconviction motions and petitions filed by DeVaughns, the trial court's ruling thereon, and this court's judgment on appeal.

*2009 Motion for New Trial*

{¶ 6} On August 20, 2009, DeVaughns filed a motion for new trial based on newly discovered evidence. The alleged new evidence consisted of a letter written by an employee of A & D Childcare and that facility's daily attendance sheets. The letter and attendance sheets indicated that on February 24, 2006, DeVaughns picked up his daughter from A & D Childcare, and that at 5:40 p.m. he signed her out using the name James Dozier. In his motion for new trial, DeVaughns claimed that this "newly discovered evidence" gave him an alibi because it showed that he was signing his daughter out of daycare at the time he was allegedly restraining the victim. DeVaughns also claimed that he obtained the evidence at issue on February 18, 2009, as a result of filing a complaint with the Supreme Court of Ohio's Office of Disciplinary Counsel.

Therefore, DeVaughns argued that he had been unavoidably prevented from discovering the new evidence within 120 days after his guilty verdict as required by Crim.R. 33(B).

{¶ 7} The trial court overruled DeVaughns' motion for new trial without a hearing and DeVaughns appealed from that decision.   On appeal, this court found that the record "clearly reveal[ed]" that the evidence at issue "was not new in relation to the issues of fact that were tried."   *State v. DeVaughns*, 2d Dist. Montgomery No. 23720, 2011-Ohio-125, ¶ 23 ("*DeVaughns III*").   We noted that: "The substance of [the employee's] letter was admitted into evidence at [DeVaughns'] trial as a stipulation.   That stipulation was that 'on Friday, February 24, 2006, [DeVaughns] picked [his] daughter * * * up from A & D Childcare and signed her out under the name James Dozier at 5:40 p.m.' "   *Id.*, quoting Trial Tr. at 146-147.   We explained that: "Evidence that would be offered to prove a fact or matter concerning which evidence was offered at trial is not 'new evidence' merely because it is proof different in form from that which was offered at trial."   *Id*.   We also found that DeVaughns had failed to demonstrate by clear and convincing proof that he was unavoidably prevented from discovering the evidence within the time frame permitted in Crim.R. 33(B).   Accordingly, we affirmed the trial court's decision overruling DeVaughns' motion for new trial.   *Id*. at ¶ 34.

*2011 Motion for New Trial*

{¶ 8} On April 13, 2011, DeVaughns filed a "Motion for Unavoidably Prevented Crim.R. 33(B)," which the trial court construed as a Crim.R. 33 motion for new trial based on ineffective assistance of counsel.   In the motion, DeVaughns argued that his trial

counsel failed to disclose additional evidence supporting his daycare alibi at trial and misrepresented his knowledge of the additional evidence. The additional evidence was the same daycare letter and attendance records that were at issue in DeVaughns' 2009 motion for new trial. DeVaughns claimed that his counsel lied at trial when he told the trial court that there was "one possible stipulation," i.e., that if the employee of A & D Childcare had been present at trial she would have testified that on Friday, February 24th, 2006, DeVaughns picked his daughter up from A & D Childcare and signed her out under the name James Dozier at 5:40 p.m. DeVaughns claimed that his trial counsel's statement that there was "one possible stipulation" was false because counsel had additional evidence supporting his daycare alibi.

{¶ 9} The trial court overruled DeVaughns' motion for new trial on grounds that he failed to present a basis upon which a new trial could be granted under Crim.R. 33(A). DeVaughns then appealed from that decision. On appeal, we affirmed the judgment of the trial court on grounds that the motion for new trial was untimely and because this court had previously determined that DeVaughns was not unavoidably prevented from discovering the additional evidence on which his ineffective assistance claim relied. We also explained that because the substance of the evidence at issue was admitted at trial, there was no likelihood that trial counsel's failure to present the additional, cumulative evidence resulted in any prejudice to DeVaughns. *State v. DeVaughns*, 2d Dist. Montgomery No. 24631, 2012-Ohio-5791 ("*DeVaughns IV*").

*2016 Petition for Postconviction Relief*

{¶ 10} On February 18, 2016, DeVaughns filed a petition for postconviction relief arguing that his conviction should be set aside because no DNA testing had been requested on blood evidence that was discovered inside of his apartment and because certain testimony about the blood evidence was "indiscernible" in the trial transcript. DeVaughns also argued that the "identity and/or identities of the State's (DNA) evidence used to convict [him]" was outside the trial court's record and unavailable. DeVaughns further claimed that the failure to identify the source of the blood deprived him of his right to confront witnesses, that his trial counsel had been ineffective in failing to challenge the blood evidence, and that these circumstances warranted a new trial.

{¶ 11} The trial court overruled DeVaughns' petition for postconviction relief on the basis of res judicata, and DeVaughns appealed. On appeal, we found that DeVaughns' petition for postconviction relief was untimely and successive, and that DeVaughns had failed to establish that he was unavoidably prevented from discovering the facts upon which the claim in his petition was based. Specifically, we found that DeVaughns knew, from being present at his trial, that the blood evidence had been offered at trial and that it had not been DNA tested. We also found that DeVaughns was aware of his trial counsel's statements to the trial court concerning the admissibility of the blood evidence, and therefore he could have raised his counsel's alleged ineffectiveness during his direct appeal. Accordingly, we affirmed the judgment of the trial court overruling DeVaughns' petition for postconviction relief. *State v. DeVaughns*, 2017-Ohio-475, 84 N.E.3d 332 (2d Dist.) ("*DeVaughns V*").

*2017 Motion for New Trial*

{¶ 12} On February 8, 2017, DeVaughns filed another Crim.R. 33 motion for new trial. In the motion, DeVaughns raised the same argument that was raised in his 2016 petition for postconviction relief, i.e., that the State's purported failure to identify the source of the blood evidence that was used at trial had deprived him of his right to confront his accusers. DeVaughns also filed two additional motions on June 21, 2017, and July 5, 2017, requesting the trial court to allow him to depose the source of the blood evidence and to "exculpate testimony" regarding the blood evidence. The trial court overruled all of DeVaughns' motions because they were untimely, not filed on the basis of newly discovered evidence, and were barred by the doctrine of res judicata. DeVaughns thereafter appealed and we affirmed the judgment of the trial court. *State v. DeVaughns*, 2018-Ohio-1421, 110 N.E.3d 922, (2d Dist.) ("*DeVaughns VI*").

*2018 Motion for Leave to File Motion for New Trial*

{¶ 13} On November 5, 2018, DeVaughns filed a motion for leave to file a motion for new trial pursuant to Crim.R. 33(A)(6), wherein he alleged that the blood evidence admitted during his trial was DNA tested and that the test results would implicate someone else for the offenses of which he was convicted. In support of his motion, DeVaughns attached documents from mandamus actions[1] that he had filed against the trial court and

---

[1] We dismissed both of DeVaughns' mandamus actions on September 26, 2018. *See State ex rel. DeVaughns v. Singer*, 2d Dist. Montgomery No. 27925 (Decision and Final Judgment Entry, Sept. 26, 2018), and *State ex rel. DeVaughns v. Dodd*, 2d Dist. Montgomery No. 27934 (Decision and Final Judgment Entry, Sept. 26, 2018). DeVaughns' motions for reconsideration of these dismissals were also denied on October 29, 2018.

the prosecutor's office. DeVaughns believed that those documents established that DNA testing had been performed on the blood evidence that was admitted during his trial. On November 16, 2018, DeVaughns also filed a motion captioned "In Pursuant to Criminal Rule 33(A)(6) Affidavit of the (Post-Trial Discovered Witness)," wherein he asserted that the blood evidence used to convict him predated the incidents on which his convictions were based.

{¶ 14} The trial court denied both of DeVaughns' motions and DeVaughns appealed. On appeal, we affirmed the judgment of the trial court and held that the blood-evidence issue raised in his motion for leave had already been decided by this court and was barred by the law of the case doctrine. After reviewing the record, we found that there was nothing indicating that DNA testing had been performed on the blood evidence at issue, and that DeVaughns' belief otherwise was based on his misreading statements made by the trial court and the assistant prosecutor in their respective motions to dismiss his mandamus action. We also found that the blood-evidence issue was barred by the doctrine of res judicata since DeVaughns could have raised that issue on direct appeal and raised similar issues in his prior postconviction motions. *State v. DeVaughns*, 2d Dist. Montgomery No. 28370, 2020-Ohio-2850 ("*DeVaughns VII*").

*2020 and 2021 Motions*

{¶ 15} In December 2020 and January 2021, DeVaughns filed three separate motions. The first motion argued that his trial counsel rendered ineffective assistance by permitting the blood evidence to be admitted at trial. The second motion asked the trial

court to find that the victim's testimony was inadmissible due to lack of competency. The third motion requested a resentencing for purposes of addressing factual inaccuracies in the presentence investigation report. On April 19, 2021, the trial court issued a brief entry overruling all three motions, and DeVaughns appealed. On appeal, we affirmed the judgment of the trial court and held that all of DeVaughns' claims had been previously addressed by this court and were barred by the doctrine of res judicata. *State v. DeVaughns*, 2d Dist. Montgomery No. 29113, 2021-Ohio-3371 ("*DeVaughns VIII*").

*2021 Motion to Vacate Sentence/Wrongful imprisonment*

{¶ 16} On November 1, 2021, DeVaughns filed a "Motion to Vacate Sentence/Wrongful Imprisonment," which is the motion at issue in this appeal.[2] In the motion, DeVaughns argued that his sentence should be vacated because his trial counsel allegedly removed evidence supporting his alibi from his discovery packet and concealed said evidence at the time of his trial and at sentencing. The evidence at issue was the same letter and daycare attendance records on which DeVaughns had based his motions for new trial in 2009 and 2011. In addition to those records, DeVaughns attached a "Child's Education and Health Information" form from his daughter's elementary school. According to DeVaughns, this form supported an additional alibi that DeVaughns was allegedly with his daughter on the morning of the offenses in question while she was having breakfast at school and awaiting her teacher's arrival. In his motion, DeVaughns

---

[2] On November 16, 2021, DeVaughns also filed a second "Motion to Vacate Sentence/Wrongful Imprisonment" that amended a citation in the original motion. Other than the amended citation, the second motion was identical to the original motion filed on November 1, 2021.

also argued that the victim committed perjury when she testified against him at trial. The trial court construed DeVaughns' motion as a petition for postconviction relief and overruled the petition without an evidentiary hearing on the basis of res judicata. DeVaughns now appeals from that judgment.

**Noncompliance with App.R. 16(A)**

{¶ 17} The pro se brief that DeVaughns filed in support of this appeal does not comply with several of the briefing rules set forth in App.R. 16(A). For example, DeVaughns did not set forth specific assignments of error as required by App.R. 16(A)(3). DeVaughns also did not state the issues presented for review as required by App.R. 16(A)(4) or cite to relevant legal authority in support of his arguments as required by App.R. 16(A)(7). In addition to being in violation of these rules, DeVaughns' brief is a disorganized, garbled amalgamation of random phrases quoted from the trial transcript and fragmented arguments that reference the exhibits attached to his "Motion to Vacate Sentence/Wrongful Imprisonment."

{¶ 18} " 'Pro se litigants are held to the same procedures and standards as parties who obtain counsel, and we may disregard briefs that fail to comply with App.R. 16(A).' " *Clements v. Brown*, 2d Dist. Montgomery No. 29311, 2022-Ohio-1959, ¶ 7, quoting *City of Kettering v. Fritz*, 2d Dist. Montgomery No. 28319, 2019-Ohio-3388, ¶ 6. Although DeVaughns failed to comply with App.R. 16(A), and although DeVaughns' appellate brief is difficult to discern, in the interest of justice and finality, we will review DeVaughns' pro se arguments to the extent that they can be deciphered.

**{¶ 19}** That said, we interpret DeVaughns' pro se brief as raising the following arguments on appeal:

1.      DeVaughns' conviction was predicated on fabricated, unidentified DNA testing of the blood evidence discovered in his apartment.

2.      DeVaughns' trial counsel withheld alibi evidence from his daughter's daycare and elementary school.

3.      The trial stipulation regarding DeVaughns' whereabouts on Friday February 24, 2006, misled the jury into believing that DeVaughns only left his home one time during the period of the kidnapping offense.

4.      The trial court erred by failing to hold an evidentiary hearing on DeVaughns' petition for postconviction relief.

**{¶ 20}** On July 1, 2022, DeVaughns also filed an equally confusing reply brief that we interpret as arguing that he was unavoidably prevented from discovering the alibi evidence on which his petition for postconviction relief was based, because he did not receive that evidence until four years after his trial. DeVaughns also reiterated the argument that he should have received an evidentiary hearing on his petition.

**Law and Analysis**

**{¶ 21}** As previously discussed, the instant appeal is from the trial court's judgment overruling DeVaughns' "Motion to Vacate Sentence/Wrongful Imprisonment," which the trial court construed as a petition for postconviction relief. DeVaughns does not

challenge the trial court's decision construing his motion in such a manner, and we find that the motion was properly construed as a petition for postconviction relief.  For the following reasons, the judgment of the trial court overruling the petition will be affirmed.

*(1) The Trial Court Lacked Jurisdiction to Consider DeVaughns' Untimely, Successive*

*Petition for Postconviction Relief*

**{¶ 22}** Except as otherwise provided by R.C. 2953.23, petitions for postconviction relief must "be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication[.]"  R.C. 2953.21(A)(2)(a).  A trial court lacks jurisdiction to consider an untimely or successive petition for postconviction relief unless otherwise permitted by R.C. 2953.23.   *State v. Morris*, 2d Dist. Montgomery No. 27875, 2018-Ohio-4527, ¶ 16.

**{¶ 23}** R.C.  2953.23(A)(1)(a)  allows  a  trial  court  to  consider  an  untimely, successive petition if the petitioner shows that: (1) he was unavoidably prevented from discovering the facts upon which he relies to present his claim for relief; or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to his situation, and his petition asserts a claim based on that right.   *State v. Baker*, 2d Dist. Montgomery  No.  27596,  2017-Ohio-8602,  ¶  13,  citing  R.C.  2953.23(A)(1)(a).   "The petitioner  must  also  show  by  clear  and  convincing  evidence  that,  if  not  for  the constitutional error from which he suffered, no reasonable factfinder would have found him guilty."   *Id.*, citing R.C. 2953.23(A)(1)(b).

**{¶ 24}** In this case, the record is clear that the petition for postconviction relief at issue is both untimely and successive, as DeVaughns' direct appeal was decided 15 years ago and he has since filed multiple petitions for postconviction relief. Therefore, in order for the trial court to have had jurisdiction to review DeVaughns' petition, DeVaughns had to show either that he was unavoidably prevented from discovering the facts upon which he relied to present the claims in his petition or that the claims in his petition were based on a new federal or state right that applied retroactively to his situation.

**{¶ 25}** As previously discussed, DeVaughns argued in his petition for postconviction relief that his sentence should be vacated because his trial counsel allegedly removed evidence supporting his daycare and elementary school alibis from the discovery packet and concealed said evidence during his trial and at sentencing. DeVaughns also claimed that the victim committed perjury when she testified against him at trial.

**{¶ 26}** DeVaughns' claim concerning his trial counsel's concealing evidence of the daycare alibi is based on the same letter and attendance records that this court previously held was not new evidence that DeVaughns was unavoidably prevented from discovering. *See DeVaughns III*, 2d Dist. Montgomery No. 23720, 2011-Ohio-125, ¶ 21-23, and *DeVaughns IV*, 2d Dist. Montgomery No. 24631, 2012-Ohio-5791, ¶ 14. The fact that DeVaughns' now claims in his reply brief that he was unavoidably prevented from discovering that evidence does not change our ruling on that matter.

**{¶ 27}** As to the elementary school alibi, DeVaughns did not argue, let alone

demonstrate in his petition for postconviction relief, that he was unavoidably prevented from discovering the facts on which that alibi was based. Moreover, the "Child's Education and Health Information" form that DeVaughns attached to his petition in support of the alibi contained no relevant information as to DeVaughns or his daughter's whereabouts at the time of the offenses in question. *See* Exhibit 7 to "Motion to Vacate Sentence/Wrongful Imprisonment," (Nov. 1, 2021). DeVaughns also failed to demonstrate how he was unavoidably prevented from discovering the victim's alleged perjured trial testimony, as DeVaughns was necessarily aware of the nature of the victim's testimony at the time of trial.

{¶ 28} Because DeVaughns was not unavoidably prevented from discovering the facts upon which he relied to support the claims in his petition for postconviction relief, and because his petition is not based on a new federal or state right that applies retroactively to his situation, DeVaughns' petition does not satisfy the first prong of R.C. 2953.23(A). Therefore, the trial court lacked jurisdiction to consider DeVaughns' untimely, successive petition for postconviction relief.

*(2) The Claims Asserted in DeVaughns' Petition for Postconviction Relief are Barred by the Doctrine of Res Judicata*

{¶ 29} "The doctrine of res judicata bars a criminal defendant from raising and litigating in any proceedings any defense or claimed lack of due process that was raised or could have been raised on direct appeal from the conviction." (Citations omitted.) *State v. Young*, 2d Dist. Montgomery No. 20813, 2005-Ohio-5584, ¶ 8. "Res judicata

not only applies to claims that could have been or were raised on direct appeal, ' "but to all postconviction proceedings in which an issue was or could have been raised." ' " *State v. Becraft*, 2d Dist. Clark No. 2018-CA-96, 2019-Ohio-2348, ¶ 15, quoting *State v. Heid*, 4th Dist. Scioto No. 15CA3710, 2016-Ohio-2756, ¶ 18, quoting *State v. Montgomery*, 2013-Ohio-4193, 997 N.E.2d 579, ¶ 42 (8th Dist.). Therefore, " 'res judicata applies to bar raising piecemeal claims in successive postconviction relief petitions * * * that could have been raised, but were not, in the first postconviction relief petition[.]' " *Id.*, quoting *State v. McCain*, 2d Dist. Montgomery No. 27195, 2017-Ohio-7518, ¶ 35.

{¶ 30} In this case, every claim that DeVaughns asserted in his petition for postconviction relief is barred by the doctrine of res judicata because those claims either were raised or could have been raised in his prior petitions for postconviction relief. DeVaughns' argument concerning trial counsel's alleged failure to produce evidence of his daycare alibi was raised in DeVaughns' 2011 motion for new trial, the denial of which we affirmed in *DeVaughns IV*. See *DeVaughns IV*, 2d Dist. Montgomery No. 24631, 2012-Ohio-5791, ¶ 10-14. In *DeVaughns IV,* we also held that the claims related to the victim committing perjury were barred by the doctrine of res judicata. *Id.* at ¶ 7-8. DeVaughns elementary school alibi also could have been, but was not, raised during his prior postconviction proceedings.

{¶ 31} Res judicata also bars the arguments that DeVaughns raised in his pro se appellate brief, i.e., that the DNA testing of the blood evidence was fabricated and not properly identified and that the trial stipulation misled the jury. Over the years,

DeVaughns has filed several postconviction motions and petitions raising similar arguments concerning the blood evidence, and we held in *DeVaughns VII* that any issue pertaining to the blood evidence was barred by the doctrine of res judicata and by the law of the case doctrine. *See DeVaughns VII*, 2d Dist. Montgomery No. 28370, 2020-Ohio-2850, at ¶ 15-19. DeVaughns' claim that the trial stipulation misled the jury is also barred by res judicata because it could have been raised on direct appeal, as DeVaughns was aware of the contents of the stipulation at the time of trial.

{¶ 32} In addition to being barred by res judicata, DeVaughns' blood evidence and trial stipulation arguments are barred from appellate review because they were not raised in the petition for postconviction relief that is at issue in this appeal. It is well established that "this court can only address those arguments that were presented to the trial court in the petition[] for postconviction relief that [is] now under review; we cannot consider any new issues for the first time on appeal." *State v. McCain*, 2d Dist. Montgomery No. 26020, 2014-Ohio-2819, ¶ 8, citing *State v. Webb*, 2d Dist. Darke No. 06-CA-1694, 2007-Ohio-3446, ¶ 1. (Other citation omitted.)

*(3) The Trial Court Was Not Required to Hold an Evidentiary Hearing on DeVaughns' Petition for Postconviction Relief*

{¶ 33} DeVaughns argues that the trial court erred by failing to hold an evidentiary hearing on his petition for postconviction relief. However, because his petition was barred by the doctrine of res judicata, it was unnecessary for the trial court to hold an evidentiary hearing on it. (Citations omitted*.) State v. Harwell*, 2d Dist. Montgomery

No. 29156, 2021-Ohio-3754, ¶ 23. Likewise, when trial courts lack jurisdiction to consider an untimely petition for postconviction relief, as the trial court did here, " 'it is not necessary for the court to hold an evidentiary hearing on that petition.' " *State v. Ramey*, 2d Dist. Clark No. 2020-CA-55, 2021-Ohio-1522, ¶ 13, quoting *State v. Current*, 2d Dist. Champaign No. 2012-CA-33, 2013-Ohio-1921, ¶ 22, citing *State v. Johnson*, 2d Dist. Montgomery No. 24775, 2012-Ohio-2542, ¶ 18. Therefore, the trial court did not err by failing to hold an evidentiary hearing on DeVaughns' petition for postconviction relief.

## Conclusion

**{¶ 34}** Because the trial court lacked jurisdiction to rule on DeVaughns' untimely, successive petition for postconviction relief, and because all the claims raised in the petition were barred by the doctrine of res judicata, the judgment of the trial court overruling DeVaughns' petition without an evidentiary hearing is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and LEWIS, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Elizabeth A. Ellis
Christopher A. DeVaughns
Hon. William H. Wolff, Jr., Visiting Judge