[Cite as *State v. DeVaughns*, 2023-Ohio-1399.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29654 |
| | : | |
| v. | : | Trial Court Case No. 2006 CR 00843 |
| | : | |
| CHRISTOPHER A. DEVAUGHNS | : | (Criminal Appeal from Common Pleas Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 28, 2023

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ELIZABETH A. ELLIS, Attorney for Appellee

CHRISTOPHER A. DEVAUGHNS, Pro Se Appellant

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Christopher A. DeVaughns appeals pro se from a judgment of the Montgomery County Court of Common Pleas, which overruled his motion for appointment of counsel and a new sentencing hearing. For the reasons outlined below, the judgment of the trial court will be affirmed.

I.      Facts and Course of Proceedings

{¶ 2} In 2006, DeVaughns was convicted following a jury trial of felonious assault and kidnapping.   On appeal, DeVaughns argued that his conviction was against the manifest weight of the evidence and that his offenses were allied offenses of similar import that should have been merged at sentencing.   We rejected both claims but held that the trial court had erred by failing to afford DeVaughns an opportunity to speak on his own behalf at sentencing.   Accordingly, we reversed the trial court's judgment and remanded the matter to the trial court for resentencing.   At the resentencing hearing, the trial court gave DeVaughns the opportunity to address the court.   Following DeVaughns' remarks, the trial court reimposed the original sentence.   DeVaughns appealed from his resentencing, and this court affirmed the judgment of the trial court on August 8, 2008. *State v. Devaughns*, 2d Dist. Montgomery No. 22349, 2008-Ohio-4010, ¶ 1.

{¶ 3} Between 2009 and 2022, DeVaughns filed numerous postconviction motions and petitions with the trial court and appeals from the trial court's judgments.   For a summary of some of the postconviction motions and petitions filed by DeVaughns, the trial court's rulings thereon, and this court's judgments on appeal, see our opinion in *State v. DeVaughns*, 2d Dist. Montgomery No. 29420, 2022-Ohio-2512, ¶ 6-16, filed on July 22, 2022.

{¶ 4} On October 18, 2022, DeVaughns filed a "Motion for Appointment of Counsel Pursuant to Mandatory Crim.R. 32(A)(1) and Crim.R. 44(A)(C)(D)."   The trial court overruled this motion on November 9, 2022.   The court explained that:

From a review of Defendant's motion, it appears to the Court that

Defendant not only seeks appointment of new counsel, but is further seeking for the Court to hold a new sentencing hearing with that newly appointed attorney. Defendant attaches a portion of a Final Decision rendered by the Second District Court of Appeals from August 8, 2008 in support of his position.

In Defendant's current motion, Defendant argues that he was previously resentenced without his court appointed attorney. Therefore, he argues he should be appointed new counsel and brought back to Court for resentencing.

November 9, 2022 Decision, p. 1.

{¶ 5} The trial court concluded that DeVaughns had previously raised this argument, which was rejected by this court in our August 8, 2008 opinion. Therefore, the trial court applied the doctrine of res judicata to bar DeVaughns' claims. Further, the trial court stated that DeVaughns was "not entitled to new counsel to mount a collateral attack of his conviction or sentence in a post-conviction proceeding." *Id.* at 3. Therefore, the trial court overruled DeVaughns' motion for appointment of counsel. DeVaughns filed a timely notice of appeal.

II.    DeVaughns Is Not Entitled to Appointment of New Counsel and His Claims Regarding Any Deficiencies in The Resentencing Hearing Are Barred by Res Judicata

{¶ 6} DeVaughns' first assignment of error states:

Of A Directed Violation of The Mandatory Mandate That Is Crim.R. 44(A)(C)(D). The Unrepresented Indigent (Non-Pro-Se) Defendant, At Time Of Resentencing Upon Direct Appeal C.A. 21654, Was Denied Appointed Counsel Of Record Needed To Obtain And To Present To The Sentencing Court, Defendant's (De Hors The Trial Record) Many Affidavits Of Alibis Of The Defendant's Proven Innocence That, At Time of Trial, Sentencing Court (As Gatekeeper) Choose to Withhold From The Trial Jury and the Defendant; Withheld Again At Time Of Sentencing; Withheld For A Third Time – At Time Of Resentencing Upon Direct Appeal C.A. 21645. See Exhibit 2, Of The Attached Appendix.

**{¶ 7}** DeVaughns' second assignment of error states:

At Time Of Resentencing Upon Direct Appeal C.A. 21654. The Unrepresented Indigent (Non-Pro-Se) Defendant, Pursuant To The Mandatory Mandate That Is Crim.R. 32(A)(1), Was Denied Appointed Counsel's (Right of Allocution) To Speak On Behalf Of The Defendant And To Present To The Sentencing Court, In Mitigation Of Punishment, The Defendant's Complete Set Of Certified Documents Of Defendant's Proven Innocence. See Exhibit 2, Of The Attached Appendix.

**{¶ 8}** Both assignments of error raise concerns about DeVaughns' appointed counsel at the time of resentencing. Similar concerns were raised by DeVaughns when he directly appealed from his resentencing. We addressed those concerns in our August 8, 2008 opinion, *DeVaughns*, 2d Dist. Montgomery No. 22349, 2008-Ohio-4010. In that

opinion, we quoted extensively from the transcript of the resentencing hearing. As we explained, DeVaughns agreed to be represented by counsel who was present in the courtroom, which was not his previously assigned counsel, and declined the trial court's offer to continue the hearing until DeVaughns' previous attorney was available. Then DeVaughns gave ample testimony as part of his right to allocution. *Id.* at ¶ 5, 29. On appeal, DeVaughns contended that he was not represented at the sentencing by his regular attorney but by an "associate" of that attorney. After reviewing the record, we concluded "that no reasonable argument can be made that the trial court erred by proceeding with the re-sentencing hearing, because the record reflects that Devaughns voluntarily chose to proceed with [another attorney] representing him at the hearing." *Id.* at ¶ 30.

{¶ 9} In the current appeal, DeVaughns raises similar challenges, claiming he was denied appointed counsel at the time of his resentencing and was denied his right to allocution. We agree with the trial court that these claims were barred by res judicata. "The doctrine of res judicata bars a criminal defendant from raising and litigating in any proceedings any defense or claimed lack of due process that was raised or could have been raised on direct appeal from the conviction." (Citations omitted.) *State v. Young*, 2d Dist. Montgomery No. 20813, 2005-Ohio-5584, ¶ 8. Res judicata also applies to all postconviction proceedings in which an issue was or could have been raised. *State v. Becraft*, 2d Dist. Clark No. 2018-CA-96, 2019-Ohio-2348, ¶ 15. DeVaughns either raised, or could have raised, the stand-in attorney and right to allocution claims he now asserts in the direct appeal following his resentencing. As such, these claims were

barred by res judicata.

**{¶ 10}** Further, we agree with the trial court that DeVaughns was not entitled to the appointment of a new attorney to represent him in postconviction proceedings regarding claims that were barred by res judicata. "Neither the state nor the federal constitution confers upon an indigent prisoner a right to counsel for a collateral attack upon a conviction." *State v. Long*, 1st Dist. Hamilton No. C-180541, 2019-Ohio-4857, ¶ 13, citing *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *State v. Crowder*, 60 Ohio St.3d 151, 573 N.E.2d 652 (1991), paragraph one of the syllabus. Therefore, DeVaughns' assignments of error are overruled.

III.    Conclusion

**{¶ 11}** Having overruled both of DeVaughns' assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . .


TUCKER, J. and HUFFMAN, J., concur.